Ede *v.* Johnson.

## EDE *v.* JOHNSON *et als.*

| 15 | 53 |
| 77 | 156 |

A MORTGAGE on its face given to secure a promissory note, is *prima facie*, given in good faith, and to secure a "just indebtedness," within the first section of the Chattel Mortgage Act of 1857.

Under that Act, a "residence" stated to be "in Sierra county, California," is sufficiently stated. And an "occupation," stated as that of "late merchant, of Pine Grove," etc., is sufficient.

The object of this provision in the statute, is identification. It is not an indispensable requisite to the validity of the mortgage, which would be valid if it stated the parties to have no occupation or profession.

So where the mortgage is conditioned to pay a note "according to the tenor and conditions thereof," and the note is recited as a "certain promissory note for the payment of the sum of $3,500 on the sixth day of June, A. D. 1858, at said Pine Grove, with interest at the rate of two per cent. per month, from date till paid," the statute is complied with as to "setting out the sum to be secured, the rate of interest to be paid, and when payable."

An affidavit need not be signed by the party making it.

Courts take judicial notice of the official character of Justices of the Peace, in their own States. And an affidavit, in which the official character of the Justice, before whom it is taken, does not appear, is good.

Under the Chattel Mortgage Act of 1857, a mortgage of shares of stock in an incorporated company is valid without a transfer on the books of the company, as is required by the Corporation Act of 1853 relative to pledges of stock by delivery of the certificates. · The Act of 1853 has no effect on the Act of 1857.

APPEAL from the Fourteenth District.

This action was brought to foreclose the following mortgage upon certain shares of the capital stock of the "Sears Union Water Company"—a corporation for mining purposes in Sierra county:

"Know all men by these presents, that we, R. M. Johnson and Henry Critcher, late merchants of Pine Grove, Sierra, California, and now residents of said county, in consideration of the sum of three thousand dollars, and five hundred to us in hand paid, the receipt whereof is hereby acknowledged—have this day bargained, sold and conveyed; and by these presents do bargain, sell and convey to William Ede, a miner, residing near said town of Pine Grove, county and State aforesaid, all those certain interests in the capital stock of the Sears Union Water Company, in said county and State, and designated as shares numbers 70, 71, 72, 73, 74, 141 and 143 of said capital stock, together with all of the rights, privileges and appurtenances thereunto

belonging, to have and to hold the said property, to him, the said William Ede, and his legal representatives, in as full and ample manner as the same has been held and enjoyed by the undersigned.

"The condition of the above conveyance is such, that whereas, the said R. M. Johnson and Henry Critcher have this day made and delivered to the said William Ede, their certain promissory note, for the payment of the sum of three thousand and five hundred dollars, on the sixth day of June, A. D. 1858, at said Pine Grove, with interest at the rate of two per cent. per month from date until paid. Now, therefore, if the R. M. Johnson and Henry Critcher shall well and truly pay, or cause to be paid the said promissory note, according to tenor and conditions thereof, then the above conveyance to be void, otherwise, to be and remain of full force and virtue.

"In testimony whereof, we have hereunto set our hands and seals this twenty-sixth day of June, A. D. 1857.

R. M. JOHNSON.    [L. S.]

HENRY CRITCHER.    [L. S.]

In presence of D. T. BERRY.

"STATE OF CALIFORNIA, County of Sierra : ss.

"On this twenty-sixth day of June, A. D. 1857, personally appeared before me, a Justice of the Peace, for Township No. (2) two of said county, R. M. Johnson and Henry Critcher, known to me to be the persons who executed the foregoing instrument, and who acknowledged to me that they executed freely and voluntarily, and for the uses and purposes therein mentioned.

"Given under my hand and seal this twenty-sixth day of June, A. D. 1857.

J. EVELAND, J. P.    [L. S.]

"COUNTY OF SIERRA, Township No. 2 : ss.

"R. M. Johnson, Henry Critcher and William Ede, the parties to the above mortgage, being each duly sworn, say, that the said mortgage is *bona fide*, and made without any design to delay or defraud creditors.

"Subscribed and sworn before me this twenty-fifth day of June, A. D. 1857.

J. EVELAND, J. P."

The note secured by the foregoing mortgage is in the following words and figures, to wit :

"For value received, on the sixth day of June, A. D. 1858, we, or either, promise to pay to William Ede order, at Pine Grove, Sierra

county, California, the sum of three thousand and five hundred dollars, with interest at the rate of two per cent. per month from date until paid, payable *quarterly.*

R. M. JOHNSON,
HENRY CRITCHER.

ST. LOUIS, June 26th, 1857."

The complaint alleges that C. L. and F. F. Low have, or claim some pretended right in the shares of stock, and also, that W. A. Boulinger has such an interest, and makes them parties defendant to the action.

Johnson and Critcher do not answer, and make default. The answer of the Lows denies all the allegations of the complaint in regard to the mortgage, and notice of plaintiff's lien ; and claims title to the shares of stock under an attachment issued from the District Court of Yuba county, in favor of *Low & Co.* v. *Johnson & Critcher,* the defaulting defendants in this action ; and levied on the twenty-eighth day of October, 1857 ; a judgment obtained in said Court, on which an execution issued, and was levied upon said shares on the eighth of January, 1858, and sold to the defendants Low.

The mortagage of plaintiff was recorded on the twenty-ninth day of June, 1857.

Defendants demurred to the complaint, and the demurrer being over-ruled, answered. Plaintiff had judgment below, defendants Low & Low appeal.

*Mesick & Swezy,* for Appellants.

1. The complaint and mortgage should show the "just indebtedness," mentioned by the first section of the Chattel Mortgage Act of 1857. That the mortgage is to secure a *note* is not sufficient; what the note is for, must appear. The statute is not directory, but its provisions are indispensable requisites to the validity of the mortgage. (Wood's Dig. p. 108, art. 416 ; *Blankman* v. *Vallejo, post ; Belknap* v. *Wendell,* 11 Foster 98–101 ; Opinion of Judge Bell, 12 N. H. 248.)

2. The residence, occupation, trade and profession of the parties to the mortgage not properly stated.

3. The affidavit is insufficient, because not signed by the parties. (1 Bac. Abr. 146 ; 2 Sandf. Sup. Ct. 648 ; 1 Barb. Ch. Pr. 603 ; 1 Whittaker's Prac. 165–166.)

4. The official character of the Justice taking the affidavit does not

appear.   (3 Caine's R. 128 ; 3 Green's N. J. 90 ; 51 Eng. C. L. 531 ; Arch. Prac. 2nd book, 6th ed., 1231.)

5. The mortgage was invalid against appellants, because the certificates of stock were not delivered to the plaintiff; nor was any transfer made on the books of the company.   (Wood's Dig. p. 120, art. 488, sec. 9 ; art. 490, sec. 12 ; art. 496, sec. 19 ; art. 497, sec. 18 ; 5 Cal. 186; 24 Miss. 113–115 ; 17 Wend. 492–494; 23 Id. 659, 671, 632.)

*Wm. M. Stewart,* for Respondent.

1. The note imported *prima facie* an indebtedness, and as the mortgage was given to secure the note, the omission in the mortgage of the words " payable quarterly " is immaterial.   (*Blankman* v. *Vallejo, post.*

2. The residence, occupation, sum to be paid and interest are sufficiently set forth in the mortgage.

3. An affidavit is good, though not signed by the affiant.   (*Hoff* v. *Spicer et al.,* 3 Caine's R. 190 ; *Jackson* v. *Virgil,* 3 Johns. 540 ; *Mullins* v. *Shaffer,* 3 Denio, 60 ; 1 Green, 324 ; 6 Ves. 432 ; 7 T. R. 315 ; 2 Johns. 479.)

Appellants' authorities mostly relate to verification of pleadings, which the law requires to be signed by the party.

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

This is an action to foreclose a mortgage upon certain shares of the capital stock of the Sears Union Water Company.   The plaintiff recovered a judgment, and two of the defendants appeal to this Court. These defendants claim, that by means of certain legal proceedings against the mortgagors, subsequent to the execution of the mortgage, they became the owners of the property in question, and that, as between them and the plaintiff, the mortgage is invalid.

The objections to the validity of the mortgage, we think, are not well taken.   It was intended to conform to the provisions of the act of April, 1857, in relation to personal mortgages, and we do not see in what respect it is fatally defective.   The objections are : First, that it does not appear on the face of the mortgage that it was given to secure a *just indebtedness*; second, that the residence and occupation of the parties, the sum secured, the rate of interest to be paid, and when and where payable, are not stated with sufficient certainty ; and third, that

Ede *v.* Johnson.

the affidavit is not subscribed by the parties, and does not appear to have been taken by a competent officer.

1. The mortgage was given to secure the payment of a promissory note, which *per se* imports a valuable and sufficient consideration, and is, of course, *prima facie* evidence of a just indebtedness. The presumption is, therefore, that the debt is valid, and that the mortgage was executed in good faith to secure its payment.

2. The first section of the act of April, 1857, provides that "no mortgage, made by virtue of this act, shall have any legal force or effect, except between the parties thereto, unless the residence of the mortgagor and mortgagee, their profession, trade or occupation, the sum to be secured, the rate of interest to be paid, when and where payable, shall be set out in the mortgage." We think there has been, in the present case, a sufficient compliance with each of these requirements. The parties are stated to be residents of Sierra county, California, which is as specific as the terms of the statute seem to require. The mortgagors are described as late merchants of Pine Grove, etc., and it is objected that this is not sufficient, and that it was necessary to state their occupation at the time. This requirement of the statute must be regarded as matter of description, intended for the purposes of identification, and not as an indispensable requisite of the mortgage, without which it can have no effect as against third persons. It was not intended that the benefits of the act should extend only to persons having some occupation or profession capable of designation, which is the result of the proposition contended for by the appellants. A mortgage stating that the parties had no occupation or profession would certainly be valid, and the description of the mortgagors in this case as late merchants, etc., is equivalent to a statement that they were not then engaged in any business, and had no occupation. The sum intended to be secured, and the time when, and the place where payable, are stated with sufficient precision. It is objected that the mortgage does not show that the interest is payable quarterly, as provided in the note. According to the strict language of the act, this is not necessary, and the objection being purely technical, no further answer is required.

3. It was not necessary that the parties should sign the affidavit. This is too well settled to require discussion. It sufficiently appears that the affidavit was taken by a competent officer. The official character of the officer is fully stated in the acknowledgment, indorsed on

the same paper immediately preceding the affidavit; and besides, this is a matter of which we must take judicial notice.

It is contended by the appellants that the mortgage was incomplete without a transfer of the stock on the books of the corporation, as required by the Corporation Act of 1853. The provisions of that act relate merely to pledges of stock by delivery of the certificates, and have no effect upon the provisions of the act of 1857, under which this mortgage was executed. The latter act is complete in itself, and to render effectual a mortgage executed under it, nothing more is required than a compliance with its provisions.

The other points are not of sufficient importance to require particular notice.

Judgment affirmed.