GILL ET AL. VS. WARD ET AL.

It is not necessary that the affidavit, prescribed by *section* 180, *chap.* 99, *Gould's Dig.*, should be signed by the affiant—the omission to sign it not affecting its validity.

*Appeal from Yell Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HOLLOWELL, for the appellants.

JORDAN and WILLIAMS & MARTIN, for the appellees.

Mr. Justice COMPTON delivered the opinion of the Court.

The circuit court dismissed the plaintiffs' appeal from the decision of the justice of the peace, in this case, upon the ground that the affidavit for the appeal, though duly certified by the justice before whom it was made, was not signed by the affiant.

The language of the statute is, that " the applicant, or some person for him, shall *make* and file with the justice, an affidavit

that the appeal is not taken for the purpose of delay," etc., *Gould's Dig.*, ch. 99, sec. 180.

An affidavit, as defined by Blackstone, is " a voluntary oath before some judge or officer of the court, to evince the truth of certain facts." 3 *Bl. Com.* 304. In practice, it is said to be " an oath or affirmation reduced to writing, sworn or affirmed to before some officer who has authority to administer it." *Bouv. L. Dic.* 79, title, *Affidavit.* It is not necessary that the affiant should sign the affidavit. He must *make* it; that is, he must swear to the facts stated, and they must be in writing. It is then his affidavit—and as evidence that it was sworn to by the party, whose .oath it purports to be, it must be certified by the officer before whom it was taken; which certificate is commonly called the jurat, and must be signed by such officer.

That the signature of the party who makes the affidavit, is not essential to its validity, where there is no statute or rule of court, which requires the affidavit to be signed, was held in *Hitsman et al. vs. Garrard,* 1 *Har.* 124; *Redus vs. Wofford,* 4 *Sme. & Mar.* 579; *Shelton vs. Berry,* 19 *Texas* 154; *Millins vs. Shafer,* 3 *Denio* 60; *Jackson vs. Virgil,* 3 *John.* 540, and *Hoff vs. Spicer et al.* 3 *Cain* 190. And we have not been able to find any adjudications where it was held otherwise. True, BACON defines an affidavit to be " an oath in writing, signed by the party deposing, sworn before and attested by him who hath authority to administer the same." 1 *Ba. Abr.,* title, *Affidavit.* But this definition, as observed by WHEELER, J., in *Crist vs. Parks,* 19 *Texas* 235, is probably founded on the practice under rules of court in England. And although it is said—and we think correctly—in some of the cases above cited, to be the better practice, that every officer before whom an affidavit is *made,* should require the party sworn, to subscribe his name to the body of the affidavit, yet, in all those cases, it is distinctly held that the omission of the affiant's signature does not affect the validity of the affidavit.

It follows that the court erred in dismissing the plaintiffs'

appeal, and for this error the judgment must be reversed, and the cause remanded for further proceedings.