## BENNETT *v.* HIS CREDITORS.

THE fact that the schedules of losses and property attached to the petition of an insolvent are defective in not setting forth the items with sufficient particularity, is no ground for dismissing the proceeding for his discharge. These defects affect the sufficiency of the papers as pleadings, but not the question of jurisdiction.

In a proceeding for discharge by an insolvent, the filing of the petition, which stands in the place of a complaint, and due publication of the notice to creditors, which stands in the place of a summons, give the Court jurisdiction over the subject matter and the parties.

If the schedules attached to the petition of an insolvent do not set forth the items with sufficient particularity, the proper remedy is by motion to require the insolvent to state them properly, and not by motion to dismiss.

An objection by the respondent that the transcript does not contain the whole record must, under the rules of this Court, be made before the case is submitted. If made for the first time in a brief after submission it will not be considered.

APPEAL from the Twelfth Judicial District.

The transcript in this case contains the insolvent's petition, in which reference is made to certain schedules attached. The latter, which appear to have been the foundation of the motion to dismiss, do not appear in the transcript, nor does the motion for dismissal, which is set forth with the decision thereon, contain any statement

of the grounds on which it is made. The case was submitted on briefs without objection by either party that the record was incomplete.

The other facts sufficiently appear in the opinion.

*Frank Smith,* for Appellant,

Contended that the defects alleged to exist in the schedules were similar to insufficient allegations in a pleading, and subject to objection by way of demurrer and to amendment, but did not affect the jurisdiction of the Court, and cited : (*Brewster* v. *Ludikins,* 19 Cal. 162 ; *Moore* v. *His Creditors,* Id. 691 ; 2 Pet. 709–712 ; Id. 623 ; 2 How. U. S. 338 ; 3 John. 105.)

*M. Compton,* for Respondent.

I. The record not purporting to contain all the papers in the case, this Court will not interfere or review the order of the Court below in dismissing the insolvent proceedings. (*Loucks* v. *Edmonson,* 18 Cal. 203 ; *Stone* v. *Stone,* 17 Id. 518.) If the whole record had come up, error upon the record, or the decision of the Court upon it, could then be assigned. (*Hanscom* v. *Tower,* 17 Cal. 518.) But where there is no record, or a defective record, the Supreme Court will presume the decision of the Court below to be correct, for the appellant must show affirmative error. (*People* v. *Levinson,* 16 Cal. 98.)

II. The question of jurisdiction is always open, and may be taken advantage of at any stage of the proceedings, either before or after final judgment. (*Elliot* v. *Piersol,* 1 Pet. 328 ; *Aldiers* v. *Henning,* 4 Conn. 382 ; *Hull* v. *Williams,* 1 Pick. 232 ; *Campbell* v. *Ponrey,* 7 Conn. 64; *Glen* v. *Smith,* 2 Gill & John. 293.)

III. The Insolvent Courts of this State are Courts of inferior and limited jurisdiction. (*Cohen* v. *Barrett,* 5 Cal. 95 ; *Harper* v. *Freelon,* 6 Id. 76.) A party relying on a right derived under this statute is bound to show the Court had jurisdiction to act in the first instance. (*Sackett* v. *Andress,* 5 Hill, 327.) The jurisdiction will not be presumed. In Courts of general jurisdiction, the jurisdiction will be presumed ; but in Courts of limited and especial jurisdiction, you must show it. This is the universal rule ; and a

party who relies upon the proceedings of such a Court, is bound to establish the jurisdiction affirmatively upon the face of the proceedings, both over the parties and the subject matter; and hence all the requirements of the statute must be strictly pursued; otherwise the proceedings are *ab initio* void, and may be assailed whenever they are brought in question. (*Schnider* v. *McFarland*, 2 Comst. 459, 461, 464; *Corwin* v. *Merritt*, 3 Barb. 341, 343, 346; *Bloom* v. *Burdick*, 1 Hill, 134, 139, 143; *People* v. *Barnes*, 12 Wend. 494; *People* v. *Corlies*, 1 Sandf. 247; *Smith* v. *Rice*, 11 Mass. 507, 510, 512; *Planters' Bank* v. *Johnson*, 7 S. & M. 449, 454; *Wiley* v. *White*, 2 Stew. & Porter, 355; *Ventress* v. *Smith*, 10 Pet. 161.)

These are special proceedings. (*Harper* v. *Freelon*, 6 Cal. 76.) The provision of the statute is strict, and must be strictly followed. (*Cohen* v. *Barrett*, 6 Cal. 195.) All the necessary facts which the statute directs must be distinctly set out, in order to confer jurisdiction. (*Sackett* v. *Andrews*, 5 Hill, 327; *Sallin* v. *Tobias*, 3 Paige, 338; *Wheeler* v. *Townsend*, 3 Wend. 247; *Bigelow* v. *Stearns*, 19 John. 41; *Cole* v. *Stafford*, 1 Caine, 340; *Sallin* v. *Thomas*, 1 John. 300.) That the insolvent must give a "list" of losses he may have sustained (not a lumped statement), and a complete and perfect inventory of all his property, real, personal, and mixed, of all choses in action, debts due or to become due, is unquestionable, in order to constitute jurisdiction. (See Wood's Dig. Sec. 3, p. 496.) The rule respecting statutes of this kind is strict, and there is a legal duty resting upon the insolvent to comply strictly with its terms. A failure in this respect goes to the jurisdiction, and may be taken advantage of at any stage of the proceedings, either before or after final verdict or judgment. It is like a defective indictment, or information, not being aided by a verdict, as defective pleadings are in civil cases. But such a defect in a declaration or complaint, would be a ground of error in a civil case, and that too in a Court of general jurisdiction. (*Bacon* v. *Paige*, 1 Conn. 404.)

As a voluntary bankrupt, it was necessary for the insolvent to present to the Judge such papers in legal form as the statute directs, before the jurisdiction of the Court could attach. (*Sackett* v. *Andress*, 5 Hill, 327.)

Bennett *v.* His Creditors.

The case of *Brewster* v. *Ludekins*, cited, and relied on by the appellant as an authority in this case, has no application whatever. In that case an attempt was made to impeach the discharge collaterally, in another proceeding ; and the Court held that the insolvent proceedings were sufficient to protect them from an attack collaterally, after final decree. But the objection here is taken in the insolvent proceedings themselves. This Court did not go as far in the case of *Brewster* v. *Ludekins*, nor has it ever yet gone so far as to decide, that an objection going to the jurisdiction of the Court when made as a ground of opposition, is not fatal, and may not be taken advantage of in the very proceeding itself.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an appeal from an order dismissing the proceedings in insolvency instituted by the appellant.

The appellant filed his petition in insolvency in the Court below on the fifteenth day of January, 1861, and the usual orders were made for a meeting of the creditors and for a stay of proceedings against the insolvent. Notice was duly published, an assignee was afterwards appointed by the Court, and George C. Johnson appeared and filed an opposition to the discharge upon various grounds. The insolvent filed his answer to this opposition, denying all the charges, and the issues thus presented were duly tried by a jury, who returned a verdict in favor of the insolvent. The opposing creditor then moved to dismiss the proceedings, which motion was granted by the Court below, and the insolvent appeals therefrom to this Court, alleging that the Court erred in dismissing the case.

It appears that the motion to dismiss was made on the ground that the Court had never acquired jurisdiction of the proceedings, and this seems to have been predicated upon the alleged insufficiency of the schedule of losses and of the insolvent's property, attached to the petition, which, it is claimed, do not set forth the items with sufficient particularity.

We think that these objections and defects are not sufficient to authorize the action of the Court in dismissing the case. The objections urged affect the sufficiency of the papers as *pleadings*, but not

4

the question of jurisdiction.   As pleadings, any defect or omission might be corrected by amendment.

It is true, proceedings in insolvency are founded upon the statute, and the Courts in these cases exercise a special jurisdiction.   In such cases the general rule is that the requirements of the statute must be strictly pursued.   In order to give the Court jurisdiction of the case the insolvent must file a petition, setting forth substantially such a state of facts as will bring the case within the provisions of the statute, and show that he is entitled to the relief therein provided.   The petition, which stands in the place of a complaint, and the notice, which stands in the place of a summons, when duly published, give the Court jurisdiction over the subject matter and the parties.   (*Brewster* v. *Ludekins*, 19 Cal. 162.)

If the petition and schedule are insufficient or defective, they may be objected to and amended, if desired, like other pleadings, and the Court, after having acquired jurisdiction, can take such action respecting them as the rules of law authorize.   In the present case, if the schedules do not set forth the items with sufficient particularity, the proper remedy is by motion to require the insolvent to state them properly, and not by motion to dismiss for want of jurisdiction.

The respondent in his brief, filed since the case was submitted, objects that the transcript does not contain the whole record.   It is not urged that it is insufficient to show the action of the Court in which the alleged error was committed.   This objection, if a valid one, should, under the rules of this Court, have been made before the submission of the case ; and then the appellant, if necessary, could have applied for an order requiring any omitted papers to be certified to this Court.

The judgment of the Court below, dismissing the case, is reversed, and the cause is remanded for further proceedings.