[No. 11043. In Bank.—September 28, 1888.]

# H. E. POPE, APPELLANT, *v.* H. KIRCHNER, RESPONDENT.

INSOLVENCY— PUBLISHED NOTICE OF ADJUDICATION — MISNOMER. — A mere clerical error appearing upon the face of the published order of adjudication of insolvency in misnaming the insolvent debtor once, when his name appears correctly twice in the order, will not vitiate the publication.

ID. — AFFIDAVIT OF SERVICE BY MAIL— MISTAKES NOT VITIATING DISCHARGE. — An affidavit of deposit in the post-office of a copy of the order of adjudication of insolvency, reciting the name of the insolvent in the commencement as follows, "Herman Kirchner, being duly sworn, says," etc., but which is actually subscribed and sworn to by another person, is not vitiated by such recital, but the same may be rejected as surplusage, and the affidavit is to be considered as made by the person actually subscribing and swearing thereto. Nor will a mistake in designating the address of the creditors in the affidavit by reference to the schedule, which shows only their place of residence, vitiate the discharge, if the affidavit shows that the notice was addressed to each creditor at his place of business. A slight mistake in the spelling of a creditor's name is of no importance.

ID. — EFFECT OF DISCHARGE. — A discharge in insolvency is *prima facie* evidence of the regularity of the proceedings, in the absence of a showing to the contrary.

ID. — SUFFICIENCY OF PETITION— SPECIAL DEMURRER. — Upon a collateral attack upon a discharge in insolvency, a creditor cannot raise objections to the mere vagueness of the petition, or which amount only to a special demurrer thereto, there being no total absence of essential averments.

ID. — OMISSION OF OUTLAWED DEBTS. — When it is proven that debts due to the insolvent, which were omitted from the schedule, were in fact worthless and barred by limitation, their omission does not amount to fraud and false swearing, and is not ground for a collateral attack upon the discharge.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*G. E. Harpham,* for Appellant, cited sections 2, 3, 4, 7, and 49 of the Insolvent Act of 1880; and *McDonald* v. *Katz,* 31 Cal. 169; *Friedlander* v. *Loucks,* 34 Cal. 18–24;

*Hundley* v. *Chaney,* 65 Cal. 364; *Cerf* v. *Oaks,* 59 Cal. 134; and *In re D. H. Robertson,* 1 N. Y. Leg. Obs. 21.

*A. Morganthal,* for Respondent, cited *Barrett* v. *Carney,* 33 Cal. 533; *Friedlander* v. *Loucks,* 34 Cal. 18; *Langenour* v. *French,* 34 Cal. 92; *Whitwell* v. *Barbier,* 7 Cal. 63; *Luhrs* v. *Kelly,* 67 Cal. 289; *People* v. *Rosborough,* 29 Cal. 415; Insolvent Act of 1880, sec. 53; *Brewster* v. *Ludekins,* 19 Cal. 170; *Bennett* v. *His Creditors,* 22 Cal. 41; *Kohlman* v. *Wright,* 6 Cal. 230; *Wilson* v. *His Creditors,* 32 Cal. 414; *Matter of Pearce,* 21 Vt. 614; *Smith* v. *His Creditors,* 59 Cal. 267.

The COURT. — Action upon a promissory note; defense, a discharge in insolvency. The points made relate to the validity of such discharge.

1. It is contended that the requisite notice of the adjudication of insolvency was not given. The statute provides that a copy of the order must be published, and in addition that it shall be served either personally or by mail. (See section 7 of the Insolvency Act.) The appellant objects to the publication, and also to the service.

The objection to the publication is as follows: The order which was published is in these words:—

"In the matter of Herman Kirchner, an insolvent debtor.

"Herman *Hirchner* having filed in this court his petition, schedule, and inventory in insolvency, by which it appears that he is an insolvent debtor, the said Herman Kirchner is hereby declared," etc.

It is perfectly apparent from the foregoing that the name "Hirchner" was a mere clerical error. And this appears upon the face of the order. The objection to the publication, therefore, is not well taken.

There are several grounds of objection to the service by mail:—

(*a*) It is said that the affidavit of deposit in the post-

office was insufficient, because it was not signed by the person for whom it was drawn up. The affidavit begins as follows: "Herman Kirchner, being duly sworn, says," etc. It was signed by " V. W. Gaskill, Deputy County Clerk," and the certificate is: "*Subscribed* and sworn to this twentieth day of April, 1881. John F. Willard, Deputy County Clerk." The affidavit, therefore, was sworn to by the person who subscribed to it, who was Gaskill. And this being the case, we think that the recital in the affidavit as to "Herman Kirchner being duly sworn" may be rejected as surplusage, and that the affidavit is to be considered as made by Gaskill.

(*b*) The language of the affidavit is, that the notice was addressed "one to each of said creditors at his place of business *as stated in said schedule.*" The address of the creditor in the schedule is given in a column headed "*Residence* of creditors." And it is argued that since no place of *business* is given in the schedule, the statement in the affidavit cannot be true. But in the first place, if the address was correctly given, the mistake of styling it a place of "business" when in fact it was a place of "residence" does not seem to be material. And in the second place, it may be that the party resided at his place of business. There is no evidence that he did not, and the certificate of discharge being *prima facie* evidence of the regularity of the proceedings, it is to be presumed that such was the case, in the absence of a showing to the contrary.

The address given does not seem to be a very definite one, but for all we know to the contrary it may have been a very well-known place.

The slight mistake in the spelling of the creditor's name, "McGilligan and Clark" instead of "Megilligan and Clark," is of no importance.

2. It is contended that the discharge was invalid because of the insufficiency of the petition and inventory. The position is, that the following statement of debts due

the insolvent, viz., "Debts due petitioner, $274," is not an "accurate description" of the estate, as required by section 4 of the Insolvency Act. But it seems to have satisfied the insolvency court. If the assignee had not been able to ascertain what the debts were by reason of the vagueness of the description, in all probability the court would not have granted the discharge. While the certificate of discharge is only *prima facie* evidence, yet we do not understand that upon a collateral attack the creditor can raise objections which amount to a special demurrer to the petition. If there is not a total absence of essential averments, but only an insufficiency in the statement thereof, a collateral attack upon the discharge cannot be made. (*Mogk* v. *Peterson,* 75 Cal. 496.)

It is argued, however, that some debts were omitted altogether from the inventory. In this regard the insolvent testified at the trial that he had not put in the inventory debts amounting to $650; that these debts were "outlawed," and that he could n't get anything on them, and that he had not collected anything on them since. There was no evidence in contradiction of this. Taking the fact to be that the debts mentioned were utterly worthless and barred by limitation, we do not think their omission is ground for a collateral attack on the discharge. It is true that the insolvent should not take upon himself to decide what debts are worthless. And the insolvency courts should require full statements of the debts due to the insolvent. But where it is proven that the omitted debts were in fact worthless and barred by limitation, we are not prepared to say that the discharge can be collaterally attacked on the ground of the omission.

The omission of these debts is claimed to amount to fraud and false swearing; but we see no ground for this position. The other matters do not require special notice.

The judgment and order denying a new trial are affirmed.

THORNTON, J., concurring.—The affidavit of the deposit in the post-office was sufficient. If it was Kirchner's affidavit, it was sufficient, though not signed by him. In *Ede* v. *Johnson*, 15 Cal. 53, this was expressly held, and we think correctly held. If it was not Kirchner's affidavit, Deputy County Clerk Gaskill's affidavit was signed by him. It is immaterial that the affidavit commences "Herman Kirchner, being duly sworn," etc. It is evident that this was a clerical error or mistake, from the fact that the words just above quoted are followed by the statement "that he is a deputy clerk of the county of Alameda." It appears that Ryder was the clerk of the county, and Gaskill, the affiant, his deputy, in April, 1881, when the affidavit was made.

We cannot perceive any tenable grounds authorizing the ruling that the insolvency court did not have jurisdiction. The facts appearing bring it within the ruling in *Bennett* v. *His Creditors*, 22 Cal. 38, which is applicable here.

On the foregoing grounds, I concur in the judgment.