[No. 1476.]

MARTIN LUTZ, APPELLANT, *v.* WILLIAM KINNEY, SHERIFF OF ORMSBY COUNTY, RESPONDENT.

CHATTEL MORTGAGE—AFFIDAVIT TO—NOTICE.—In the absence of a statute requiring the affidavit annexed to a chattel mortgage to be signed by the affiants, the mortgage is notice to and valid against third persons, though the affidavit is not signed by the mortgagor or mortgagee.

IDEM—AFFIDAVIT NOT SIGNED—PROPER CERTIFICATE SUFFICIENT.—In the affidavit to the chattel mortgage in question, the mortgagee wrote his name opposite the words "State of Nevada," in the venue of the affidavit, and underneath the name of the mortgagor as signed by him to the mortgage. The mortgagor did not sign his name to the affidavit at all. The affidavit was certified to as being subscribed and sworn to before J. D. Kersey, notary public: *Held*, that it was not necessary that the affidavit be signed, that the verification was sufficient *prima facie*, and could only be overcome by evidence that the affidavit was not in fact sworn to.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Action by Martin Lutz against William Kinney, Sheriff of Ormsby county. Judgment for defendant, and plaintiff appeals. Reversed.

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Appellant:

I. The subscription of Martin Lutz is not necessary in the affidavit of mortgagor and mortgagee in the chattel mortgage in question. (3 Blackstone, 304, title, "Affidavit"; Bouvier's, Kinney's, Burrill's and Tomlin's Law Dictionaries; Am. and Eng. Ency. Law, vol. 1, p. 909; *Bates* v. *Robinson*, 8 Iowa, 320; *Hitsman* v. *Garrard*, 1 Harr. 124; *Ede* v. *Johnson*, 15 Cal. 53; Am. and Eng. Ency. Law, 441; Cobbey, Chat. Mort., sec. 406; Martindale on Conveyancing, 209; *State* v. *Washoe County*, 5 Nev. 320.)

II. If a signature is required, it makes no difference in what part of the affidavit it is written. (6 S. W. 551.)

*A. J. McGowan* and *C. A. Jones*, for Respondent:

I. The mortgage is not sufficient under the law to bind creditors, and nowhere on its face can a reasonable man find anything to show that Lutz ever saw the mortgage at all. His name is nowhere attached to the affidavit.

II. The words "Archer Baker and Martin Lutz" were written by the person who drafted the chattel mortgage, and not by the notary public at all. There is nothing to show upon the face of the mortgage that Martin Lutz ever took the affidavit.

By the Court, BONNIFIELD, J.:

The defendant, as sheriff, and by virtue of an execution issued on a money judgment recovered against Archer Baker, levied upon, seized and took from the possession of said Baker a certain lot of his personal property on which Martin Lutz, the plaintiff herein, held a chattel mortgage executed to him by said Archer Baker, said mortgage having been duly recorded in the office of the county recorder. The defendant disregarded said mortgage and complied with none of the provisions of the statute with reference to the seizure, under attachment or execution, of mortgaged personal property; hence this suit by the plaintiff against the defendant.

The question to be determined is as to the sufficiency of the affidavit annexed to the mortgage. It is in part as follows:

" State of Nevada, County of Ormsby—ss: Archer Baker, the mortgagor in the foregoing mortgage named, and Martin Lutz, the mortgagee in said mortgage named, being duly sworn, each for himself, and not one for the other, doth depose and say:   *   *   *

" Subscribed and sworn to before me this 18th day of March, 1896. J. D. Kersey, Notary Public, Ormsby Co., Nevada. [Seal.] "

The trial court found: "(5) That Martin Lutz, the mortgagee in said mortgage named, while it is evident that he intended to subscribe his name to the affidavit as required by the statute in such case made and provided, in fact wrote his name opposite the words ' State of Nevada,' in the venue of said affidavit, and underneath the name of the mortgagor as signed by him to the mortgage, and that Martin Lutz did not subscribe his name to the affidavit, and therefore the mortgage as executed was not a sufficient notice to bind creditors." "(8) That defendant is entitled to judgment dismissing this cause and for costs of suit expended by him." Judgment was entered accordingly. The plaintiff appeals from the judgment and order of the court denying his motion for new trial.

There is no statute or rule of court in this state requiring the affidavit annexed to a chattel mortgage to be subscribed or signed by the affiants, and, in the absence thereof, we are of opinion that it was not necessary for the affidavit in question to have been subscribed by either the mortgagor or mortgagee to make the mortgage notice to or valid against third parties.

Several legal definitions of an affidavit are given in the books, which, in the main, are substantially the same. "An affidavit is a voluntary, *ex parte* statement formally reduced to writing and sworn to or affirmed before some officer authorized to take it." (1 Ency. of Pleading and Practice, 309.)

" The essential requisites are, apart from the title in some cases, that there shall be an oath administered by an officer authorized by law to administer it, and that what the affiant states under such oath shall be reduced to writing before such officer. The signing or subscribing of the name of the

affiant to the writing is not generally essential to its validity; it is not, unless some statutory regulation requires it, as is sometimes the case. It must be certified by the officer before whom the oath was taken. * * * The certificate, usually called the 'jurat,' is essential, not as a part of the affidavit, but as official evidence that the oath was taken before the proper officer. The signature of an affiant can in no case add to or give force to what is sworn, and what is sworn is made to appear authoritatively by the certificate of the officer. This seems to us to be a reasonable view of the principal requisites of an affidavit, and, although there is some contrariety of judicial decisions upon the subject, the weight of authority sustains it." (*Alford* v. *McCormac*, 90 N. C. 151.)

"An affidavit, as defined by Blackstone, is 'a voluntary oath before some judge or officer of the court, to evince the truth of certain facts.' (3 Bl. Com. 304.) In practice it is said to be 'an oath or affirmation reduced to writing, sworn or affirmed before some officer who has authority to administer it.' (Bouv. Law Dic. 79, title, 'Affidavit.') It is not necessary that the affiant should sign the affidavit. He must *make* it; that is, he must swear to the facts stated, and they must be in writing. It is then his affidavit, and as evidence that it was sworn to by the party, whose oath it purports to be, it must be certified by the officer before whom it was taken; which certificate is commonly called the 'jurat,' and must be signed by such officer." (*Gill et al.* v. *Ward et al.*, 23 Ark. 16.)

"An affidavit need not be signed by the affiant, unless such signature is required by some statute or by a rule of court." (*Hitsman* v. *Garrard*, 1 Harr. (N. J.) 124; *Norton* v. *Hague*, 47 Minn. 405; *Shelton* v. *Berry*, 19 Tex. 154; *Bloomingdale* v. *Chittenden*, 75 Mich. 305.)

In reference to an affidavit attached to a chattel mortgage in *Ede* v. *Johnson*, 15 Cal. 53, the court said: "It is not necessary that the parties should sign the affidavit. This is too well settled to require discussion. It sufficiently appears that the affidavit was taken by a competent officer."

"In the making of the statement of the mortgagee required on a chattel mortgage, the agent of the corporation omitted to affix his name thereto. Underneath the statement was a

certificate by a notary public, duly signed and sealed, which in effect stated that the statement was sworn to by the mortgagee before him: *Held,* that this verification is sufficient *prima facie* and can only be overcome by evidence that the statement was not in fact sworn to by a proper agent of the corporation. (*Gambrinus Stock Co.* v. *Weber et al.,* 41 Ohio St. 689.)

In *State of Nevada* v. *The Board of County Commissioners of Washoe County,* 5 Nev. 320, the court expressed the opinion that an affidavit need not necessarily be subscribed, and cited 15 Cal. 53, *supra,* and other cases in support thereof.

We are of opinion that the district court was mistaken in its conclusions of law and erred in dismissing the action.

The judgment and order appealed from are, therefore, reversed.