[Civ. No. 636.    Third Appellate District.—January 26, 1910.]

A. P. HOTALING & CO., a Corporation, Appellant, v. J. T. BROGAN, Respondent.

ATTACHMENT—AFFIDAVIT ON BEHALF OF PLAINTIFF—CODE PROVISION—SIGNATURE NOT REQUIRED.—Under section 538 of the Code of Civil Procedure, the clerk is required to issue an attachment upon receiving an affidavit by or on behalf of the plaintiff, containing the required statements. In determining the sufficiency of an affidavit "on behalf of the plaintiff," the entire affidavit is to be considered. The affidavit need not be signed.

ID.—AFFIDAVIT BY PRESIDENT ON BEHALF OF CORPORATION—SIGNATURE OF CORPORATE NAME BY PRESIDENT IMMATERIAL.—A corporation plaintiff cannot make an affidavit. Where an affidavit by its president on its behalf, clearly states that he is its president, and purports on its face to make a proper affidavit by him on behalf of the corporation plaintiff, the mere circumstances that he signed

the affidavit in the name of the corporation by himself as president
is immaterial, and raises no ambiguity, and does not affect the
sufficiency of his affidavit on behalf of the corporation.

ID.—TEST OF SUFFICIENCY OF AFFIDAVIT.—Such affidavit can stand the
test of a sufficient affidavit that perjury can be assigned thereon,
if it is falsely made.

APPEAL from an order of the Superior Court of Solano
County, discharging a writ of attachment. A. J. Buckles,
Judge.

The facts are stated in the opinion of the court.

P. B. Lynch, and Theodore A. Bell, for Appellant.

Joseph M. Raines, for Respondent.

CHIPMAN, P. J.—A writ of attachment issued in this
case which, upon motion of defendant, was discharged on
the ground that the affidavit required by section 538, Code
of Civil Procedure, "is not properly or at all subscribed or
sworn to on behalf of the said plaintiff." Plaintiff appeals
from the order.

The affidavit reads, giving the title of court and cause:
"State of California,

City and County of San Francisco.—ss.

"R. M. Hotaling of the plaintiff corporation in the action
above named, being duly sworn, deposes and says: [Then
follows statement of the indebtedness to plaintiff and other
facts required by the statute]; and this deponent further
says [then follow still further facts required to be stated];
that affiant is the duly elected, qualified and acting President
of the plaintiff corporation, and makes the affidavit in its
behalf.

"A. P. HOTALING & CO.

"By R. M. HOTALING, President.

"Subscribed and sworn to before me this 29th day of
March, 1909.

"THOMAS S. BURNS,

"Notary Public in and for the City and County of San Fran-
cisco, State of California."

Section 538, Code of Civil Procedure, provides that the
clerk shall issue the writ of attachment, "upon receiving an

affidavit by or on behalf of plaintiff." All of the facts nec-
essary to a sufficient affidavit appear in the body of the
document here, leaving the sole question whether it sufficiently
appears that the affidavit was made "by or on behalf of
plaintiff."

In judging of its sufficiency in the particular called in
question we must refer to the entire affidavit. It plainly
appears that R. M. Hotaling was, when he made the affidavit,
the president of the corporation, and that he made it "in its
behalf." That he was the person sworn and the person
who made the affidavit and deposed to the facts embodied
in it clearly appears from the body of the document which
the notary certifies was subscribed and sworn to. It was not
necessary that the affidavit be signed. (*Ede* v. *Johnson,* 15
Cal. 53; *Pope* v. *Kirchner,* 77 Cal. 152, [19 Pac. 264]; *State*
v. *Washoe Co.,* 5 Nev. 320.) The corporation could not make
the affidavit, and the fact that its name is attached to it is
of no importance, and involves no ambiguity upon the ques-
tion as to who in fact made it. That the affiant affixed the
corporate name, followed as it is—"By R. M. Hotaling, Pres-
ident," does not change the fact, clearly appearing, that he,
Hotaling, personally made the affidavit and was the one who
subscribed and swore to it. Taking the document as a
whole, there can be no doubt as to the essential statutory
requirement appearing that a sufficient affidavit must be
made "by or on behalf of the plaintiff." Nor do we doubt
that the test suggested by respondent is here met, namely,
that the affidavit must "be so clear and certain that an in-
dictment for perjury may be sustained upon it if false."

*Blyth & Fargo Co.* v. *Swensen et al.,* 7 Wyo. 303, [51 Pac.
873], is cited by both parties. In that case the affidavit
read: "Plaintiff in the action above named, being duly sworn,
deposes and says," etc., and is signed: "The Blyth & Fargo
Co. by Sherman Fargo, Managing Agent. Subscribed and
sworn to before me . . . John W. Sammon, Clerk." The
court said: "It is not the affidavit of the plaintiff, for, being
a company, it cannot take an oath. It is not the affidavit
of the agent for nowhere in the paper is it purported that
the agent makes any statement whatever. The language is
that 'the plaintiff deposes and says.'" In the case here,
however, it appears clear enough that the plaintiff did not

make the affidavit, but Hotaling made it; that he was a proper person to make it, and that he made it, as the statute authorized him to do, on behalf of the plaintiff.

We are well satisfied that the affidavit was sufficient, and the order is, therefore, reversed.

Burnett, J., and Hart, J., concurred.