[Cr. A. No. 729. Appellate Department, Superior Court, Los Angeles County.—January 20, 1932.]

(2 Cal. Supp. 8.)

THE PEOPLE, Appellant, v. H. BRUSSEL, Respondent.

Charles P. Johnson, City Prosecutor, and John L. Bland and Joe W. Matherly, Deputies City Prosecutor, for Appellant.

H. Brussel, *in pro. per.* for Respondent.

McLUCAS, P. J.—After examination of the complaint, on the motion of defendant, the court dismissed this action for want of jurisdiction. The apparent ground of this ruling, as disclosed by the record, was that the complaint was not properly signed and not under oath. ▌ The question has been raised whether the superior court has jurisdiction of an appeal from an order dismissing the action. In *People* v. *Garcia,* Cr. A. No. 700, decided by this court (120 Cal. App. (Supp.) 767 [2 Cal. Supp. 5, 7 Pac. (2d) 401]); the appeal was taken from an order dismissing the action. It .appeared that the order of dismissal

was made after the case had gone to trial and evidence had been received against the defendant. This court held, on authority of *People* v. *Knowles*, 27 Cal. App. 498 [155 Pac. 137], and Penal Code, sections 1237, 1238 and 1466, that there is no appeal from an order dismissing the action after the trial has been entered upon. A like ruling has been made regarding an appeal from an order dismissing an action under section 1382 for want of prosecution. (*People* v. *Hollis*, 65 Cal. 78 [2 Pac. 893].) In *People* v. *Ellis*, 204 Cal. 39 [266 Pac. 518], an order dismissing an information for lack of jurisdiction, on the ground that the information did not state an offense, where the defendant had not been placed in jeopardy, was held to be appealable on the ground that the order of dismissal was substantially equivalent to a judgment for defendant on demurrer. In the present case also, the defendant had pleaded not guilty, but had not been placed in jeopardy. In our opinion, the order of dismissal was appealable under subdivision 1 of section 1238 of the Penal Code. It was, in substance and effect, an order setting aside the complaint because it was not properly signed or not under oath.

The complaint was filed on October 16, 1931. On the same day the case was called the defendant was in court, was duly arraigned, informed of the charge against him and of his legal rights. Defendant entered his plea of not guilty and personally waived jury trial. The case was set for trial on October 28th and the defendant released on his own recognizance. The case was called for trial on October 28th. There was no appearance by the defendant, and the trial court ordered and issued a warrant for his arrest. On November 10th the cause was again called for trial and, upon motion of defendant, was ordered dismissed. The statement on appeal recites that "The complaint in this action was examined by the court and appeared on its face not to be personally signed by the alleged or any complainant, but there appeared upon said complaint the impression of a rubber stamp of the name 'Jos. B. Bunning' at the beginning of said complaint immediately following the words, to-wit: 'Personally appeared before me this day of Oct. 16, 1931' and a similar impression of such rubber stamp at the end of said complaint, immediately following the words, to-wit: 'Said complainant therefore prays that a warrant may be

issued for the arrest of said defendant (Whose true name to affiant is unknown) and that he may be dealt with according to law.' '' █ A complaint under oath, as required by section 1426 of the Penal Code, is substantially an affidavit. It appears .that signatures to affidavits are not required in civil cases in the absence of a statute requiring signatures. (*City of Petaluma* v. *White,* 152 Cal. 190, 195 [92 Pac. 177]; *Hotaling & Co.* v. *Brogan,* 12 Cal. App. 500 [107 Pac. 711]; *Lutz* v. *Kinney,* 23 Nev. 279 [46 Pac. 257].) Section 1426 of the Penal Code does not specifically require a complaint to be signed. It has been held in other states that in prosecutions for misdemeanors it is not necessary that the affidavit be signed by affiant. (*Holman* v. *State,* 144 Ala. 95 [39 South. 646]; see, also, *Husbands* v. *State,* 105 Miss. 548 [62 South. 418].) We conclude that the signature of the complainant is not essential to the validity of the complaint.

A prosecution for misdemeanor must be commenced by a complaint under oath. (Pen. Code, sec. 1426; *In re Williams,* 183 Cal. 11 [190 Pac. 163].) █ In the ordinary case the fact that the complaint is under oath is shown by the signature of the officer administering the oath. But where it is otherwise shown that affiant in fact swore to the affidavit, the failure of the officer to affix his signature to the jurat will not vitiate the proceedings. (2 C. J., p. 363.) Where the signature of the officer does not appear, the prosecution must otherwise show that the oath was administered. █ In this case, the statement on appeal reads, ''It further appeared on the face of said complaint that the attached jurat was not personally signed by any officer but that there appeared thereupon the impression of a rubber stamp of the name of 'J. M. Askin', immediately after the following words, to wit: 'Subscribed and sworn to before me this day of Oct. 16, 1931. W. S. Dinsmore, Clerk of the Municipal Court of Los Angeles City, in said County and State. By ——.' And before the words, to-wit: 'Deputy Clerk'.'' The prosecution did not show or offer to show that the rubber stamp signature was made personally by J. M. Askin or that he adopted the rubber stamp signature. The courts seem to be generally in accord in holding that a printed or stamped signature of a court officer is a sufficient authentication, fulfilling the requirement of a signature, where such signature has, in effect, been

adopted by the officer. (Note, 30 A. L. R. 703; *Ligare* v. *California Southern R. R. Co.*, 76 Cal. 610 [18 Pac. 777].) If the persons whose names appeared upon the complaint as signers thereof adopted or used a rubber stamp as their signature, and such stamp was affixed by them personally, or by another in their presence and by their direction, the impression of such stamp became the lawful signature of such persons.

Whether such rubber stamp impression was or was not used or adopted by the persons, whose names so appeared upon the complaint, was a question of fact which the trial court could not determine from an examination of the complaint alone. On October 28th the trial court ordered and issued a warrant of arrest, which that court could order only after the filing of a sworn complaint. (Sections 1426, 1427, Pen. Code.) Under such circumstances, the presumption applies that official duty has been regularly performed (sec. 1963, subd. 15, Code Civ. Proc.; 16 Cor. Jur. 539, 540), and that the complaint when filed was under oath of the complainant. In *Lewis* v. *United States*, 279 U. S. 63 [73 L. Ed. 615, 49 Sup. Ct. Rep. 257], it was held that generally all necessary prerequisites to the validity of official action are presumed to have been complied with. In *State* v. *Lester*, 161 Wash. 227 [296 Pac. 549], the court held that in the absence of a contrary showing the presumption is that a public officer did his duty. There was a similar holding in *In re Solman*, 107 Cal. App. 727 [291 Pac. 224]. In the face of this presumption, the trial court, after a mere examination of the complaint, in effect found that the complaint, when filed, was not under oath, without taking any evidence as to whether the complaint when filed was under oath of the complainant or as to whether the rubber stamp signatures had been used or adopted by the persons named therein, and dismissed the action for want of jurisdiction. Under such circumstances, we find no justification for this action of the trial court.

The order of dismissal is reversed and the cause is remanded to the municipal court for further proceedings.

Shaw, J., and Craig, J., *pro tem.*, concurred.