[Civ. No. 2764. Fourth Dist. July 18, 1941.]

N. FUNK, Respondent, v. MARY A. CAMPBELL et al., Appellants.

Robert Cockins for Appellants.

Bender & Cullinan, John F. Bender and Robt. E. Rosskopf for Respondent.

BARNARD, P. J.—This is an action to foreclose a street improvement bond issued pursuant to the provisions of the "City Boundary Line Act" (Stats. 1911, p. 1018), as amended. The proceedings were initiated by a resolution of intention adopted on March 27, 1927. The bond in question was issued on April 2, 1928. Five of the annual payments provided for in the bond were made and a default having been made in the payment of the five remaining annual instalments this action was begun on December 12, 1938. The court entered findings and judgment in favor of the plaintiff and the defendants have appealed from an order denying their motion to set aside the judgment and to enter a different judgment. The appeal is taken on the judgment roll alone and the record does not disclose the nature of the work done under the proceeding leading to the issuance of this bond. However, the appellants especially direct our attention to the language of the act relating to "storm drains," which may indicate that the work was of that nature.

The appellants first contend that a conclusion of law drawn by the court to the effect that they are barred from now attacking the validity of the form of the return of the warrant, or from attacking the validity of the assessment lien represented by this bond, is erroneous. In this connection it is argued that the Boundary Line Act, as adopted in 1911, contained no limitation of time or curative provisions which cut off the appellants' right to defend this action, and that the 30-day limitation in section 13 of the Boundary Line Act

which was added by an amendment in 1927 (Stats. 1927, p. 805), is inapplicable to the appellants because it went into effect July 29, 1927, after the resolution of intention for this work was adopted although prior to the issuance of the bond. It is unnecessary to pass upon this contention since we entertain the view that the proceedings themselves are not vulnerable to the attack which the appellants now desire to make upon them.

 Section 12 of the act provides that the warrant shall be returned within thirty days after its date with a verified return endorsed thereon signed by the contractor or his assigns or some other person in his or their behalf, stating the nature and character of the demand and whether any of the assessments remain unpaid and the amount thereof. That section further provides that if any contractor shall fail to make such a return "he shall thenceforth have no lien upon the property assessed." It is not here contended that a return was not made, endorsed upon the warrant, and no attack is made upon the sufficiency of the statements in the return as made. The only objection is that "in our case there is no return except a showing that the corporation swore to the return. A corporation cannot swear, so this is not an oath of anybody." The return, as made, does not appear in the record and this objection thereto is based upon paragraph II of the findings. It was therein found that a return was made within thirty days after the date of the warrant "signed by Pacific Seaboard Corporation, by Nels Gross, President, which company was the assignee of the contractor who performed the work," and that after the signature of the said Nels Gross the return was signed by a named notary public, who affixed his seal thereto.

This is not a finding that the corporation swore to the return and the only reasonable inference is that any oath involved was that of the individual acting on behalf of the corporation. While the finding is incomplete, it is not sufficient in itself to establish that the return was not properly verified by an individual acting as the agent of and in behalf of the corporation which was the assignee of the contractor who performed the work. (See, *Woodworth* v. *Town of Sebastopol*, 72 Cal. App. 187 [236 Pac. 981]; *Hotaling & Co.* .v. *Brogan*, 12 Cal. App. 500 [107 Pac. 711].) **[2]** Moreover,

any deficiency and incompleteness in this finding cannot aid the appellants since the court, in another finding, found that that each and every act and proceeding required under the Boundary Line Act of 1911, as amended, affecting the validity of this bond, had been duly and regularly done and performed. In the absence of any record as to the evidence, this finding is sufficient to sustain the validity of this bond in so far as the attack now made upon the proceedings which led to the bond is concerned.

██ The only other point requiring consideration is as to the constitutionality of the City Boundary Line Act as relating to a portion of the work involved in the proceedings which led to this bond. The court found that work was done upon streets which formed the exterior boundaries of the city of Los Angeles and the city of Santa Monica, and that it was also true that work was "done under the same proceedings upon streets which did not form the exterior lines of any municipality." The appellants state that work was done upon cross streets as well as upon boundary line streets. While they admit that such work upon cross streets in connection with the boundary streets was authorized by the provisions of the City Boundary Line Act as amended in 1923 (Stats. 1923, p. 633), they contend that the provisions of the act which permit work to be also done upon cross streets are unconstitutional because such matters were not embraced within the title of the act.

██ It is well settled that the title of an act need not express all of the details found in the body of the act. (*Pacific Coast Dairy* v. *Police Court*, 214 Cal. 668 [8 Pac. (2d) 140, 80 A. L. R. 1217].) The title of an act is usually sufficient when it suggests to the mind the subject or field of legislation to be covered therein. (*People* v. *Jordan*, 172 Cal. 391 [156 Pac. 451]; *Hunt* v. *Manning*, 24 Cal. App. 44 [140 Pac. 39].) ██ The title to the City Boundary Line Act as adopted in 1911 refers to work upon the streets forming the exterior boundaries of a municipality, whether partly or wholly within said boundaries, and to the construction of sewers, drains and sidewalks "thereon and in connection therewith." This was sufficient, at least, to cover sewers and drains on cross streets when installed in connection with such improvements on the boundary line streets. The title to the amendatory act of 1923 (Stats. 1923, p. 633), refers to and

quotes the title of the 1911 act and expresses an intention to amend the title of the 1911 act, to amend certain sections thereof and to add a new section thereto. Section 1 of this amendatory act mentions and restates the title of the original act and this amendment, with the amended title, was in force at the times here in question. This amended title refers to three classes of work, namely: (1) to establishment and change of grade on streets forming the exterior boundaries of any municipality whether partly or wholly within or without said boundaries or extending into other territory; (2) to work upon the improvement of such streets; and (3) to the construction of sanitary and storm sewers, drains and drainage systems. The reference to these three kinds of work is followed in the same sentence with the provision "together with any and all appurtenances and appurtenant work in connection with *any of such work or improvements.*" We think the provision just quoted relates and refers to all three classes of work which had just been referred to in the amended title and that the title sufficiently embraces the matter of such work or improvements upon cross streets when done in connection with and as a part of a scheme of improvements upon and along boundary line streets.

Moreover, if we assume in support of the judgment, as we are entitled to do in the absence of the evidence, that the proceedings here in question involved the construction of storm drains or sewers the precise question here presented was passed upon and determined adversely to the appellants in the case of *Torson* v. *Fleming*, 91 Cal. App. 168 [266 Pac. 845], in which case a hearing was denied in the Supreme Court.

No question having been raised as to whether the order appealed from was an appealable order, we have given no consideration to that matter and have decided the case on its merits.

The record before us discloses no reversible error and the order appealed from is affirmed.

Marks, J., and Kelly, J., *pro tem.*, concurred.