If an affida-
vit begins with
the deponent's
name, without
being subscri-
bed, it is suf-
ficient.

## Jackson, *ex dem.* Kenyon, *against* Virgil.

HOPKINS moved for an attachment against the defendant, for the non-payment of costs. The affidavit, on which the motion was founded, was not signed with the name of the party, but it was in the usual form, and had the *jurat* of a proper magistrate.

*Per Curiam.* As the affidavit begins with the name of the party making it, and appears to have been duly sworn to before a proper magistrate, we think it sufficient. (3 *Caines*, 190. *Haff* v. *Spicer* and *Potter.*)

Rule granted.

## Reynolds *against* Lammond.

Where a person obtained a judgment before a justice, for 11 dollars, and enlisted as a soldier in the army of the United States, and the judgment was afterwards reversed in this court, with costs, amounting to more than 20 dollars, it was held, that the costs referred back to the time of the original judgment, and that the defendant in error was not entitled to be discharged from an execution issued on the judgment of reversal.

SEDGWICK moved to set aside the *capias ad satisfaciendum* issued against the defendant in this cause, for irregularity. The defendant had obtained a judgment before a justice, against the present plaintiff for 11 dollars, on which a *certiorari* was brought to this court, and at the last term, the judgment below was reversed, and a judgment of reversal in this court was entered, and on which the costs amounted to above 20 dollars. On the 26th *July* last, the defendant enlisted as a soldier in the army of the *United States.* It was contended, that the judgment of the costs on the reversal, being subsequent to his enlistment, no execution could issue against the defendant.

*Foot,* contra.

*Per Curiam.* The costs must be considered as referring back to the original judgment, and that being prior to the enlistment, and the sum above 20 dollars, the defendant is not entitled to a discharge. (See *ante,* p. 445.)

Rule refused.