## BATES *v.* ROBINSON.

The word "property," in the act entitled "An act to amend section 1848 of the Code of Iowa," approved January 24, 1853, includes all the other kinds of property mentioned therein; and when the affiant in an affidavit for a writ of attachment, has made oath that the debtor has property, it is not intended to compel him to specify in what the property consists.

A party asking an attachment, is not required to specify in his affidavit the kind of property owned by the debtor, and to stake his truth and his attachment upon his ability to prove the ownership of that particular species of property.

It is not essential that the affiant in his affidavit for a writ of attachment, should sign the oath; and the affiant is as liable to the penalties of perjury if he does not sign, as if he does.

Where a petition, after stating the cause of action, alleged the facts necessary to authorize the issuance of an attachment, to which the clerk of the district court annexed his jurat, over his signature, certifying that "A. S., one of the attorneys for the plaintiff, makes oath that the matters and things stated in the above petition, are true," &c.; *Held*, That the petition was sufficiently subscribed and sworn to.

While it is the better practice, and desirable in all cases, where the oath

is made by one not a party, or one not presumed to have the information, that the affiant in an affidavit for a writ of attachment, should state his means of knowledge; yet such a statement is not essential in such an affidavit.

Under the act entitled "An act to amend section 1848 of the Code of Iowa," approved January 24, 1853, the refusal to pay, or secure, the debt by property, is the essential act; and requires no further intent, or averment of intent, in the affidavit for the writ of attachment, than is implied in the fact and averment of refusal.

### *Appeal from the Greene District Court.*

### WEDNESDAY, APRIL 13.

THIS action was commenced by attachment, the petition alleging, that the defendant has property, goods, or money, or lands and tenements, or choses in action, which he refuses to give in payment or security of the debt. On motion of the defendant, the court quashed the writ of attachment, from which order the plaintiff appeals. The other material facts, are sufficiently stated in the opinion of the court.

*Bates & Phillips*, for the appellant.

*John A. Kasson*, for the appellee.

WOODWARD, J.—This is an appeal from a decision of the court, in quashing and setting aside a writ of attachment. The attachment was sued out under the act of January 24th, 1853, (acts 1853, 143), and the averments and affidavit are substantially in the usual manner.

I.   The first cause assigned for the motion is, that the petition does not state, with a reasonable certainty of meaning, that the defendant has any property not exempt, &c., his statement being in the alternative, that he has "property, goods, or money, or lands, or choses in action." The defendant argues that it is void for uncertainty, and that the statute intended some one fact, by the assertion of which

the affiant's conscience would be tried; and not that he should swear to a conjecture.

From the very circumstances of the case, a creditor is not to be presumed to have a very definite knowledge of a debtor's property, and we hardly think the law intended to pin down his affidavit to a specific thing—as money or goods, for instance, and stake his truth and his attachment, upon his ability to prove the ownership of that particular species of property. It will be observed that the first word in the statute, in this connection, "is property," a generic term, including all the others; and the meaning is, that he has property—namely, goods or land, &c.; the averment thus meaning that he has property of some sort, which is liable, and which he refuses to give; and then proceeding to state that it consists in one or the other of the kinds named. It seems difficult to give any other construction to the language, for the word " property " is absolutely general, and specifies no kind. When the affiant has made oath that the debtor has property, we think it is not intended to compel him to specify in what it consists.

II.  The second objection is, that the petition is not sworn to by the plaintiff, nor is it signed, nor does the affiant state whether he has any, nor what means of knowledge.  In regard to these objections, the circumstances are, that the facts are stated in the principal petition, and the clerk annexes a jurat, certifying that " Andrew Slatten, one of the attorneys for the plaintiff, makes oath that the matters and things stated in the above petition, are true," &c., and this is signed by the clerk.

It is not essential that the affiant should sign the oath. It is officially certified.  There are many instances in which the affiant never signs.  Such is the case with many motions, affidavits, and similar papers in the proceedings of the courts.  The affiant is as liable to the penalties of perjury, if he does not sign, as if he does.  It is believed that signing is not necessary, unless especially required.  *Histman* v. *Gerrard*, 1 Harr., 124.

Bates v. Robinson.

Upon the exception that the affiant does not state his means of knowledge, we need only say, that there is no very clear ground upon which we can hold this essential in an affidavit for an attachment, although it is the better practice, and desirable in all cases where the oath is made by one not a party, or one not presumed to have the information. That he does not show that he is an agent or attorney, is objected in the argument only, and not in the motion.

III.  The third cause assigned for quashing is, that neither the plaintiff nor the affiant, states that he believes that the defendant did the acts charged, to defraud his creditors. This intent is connected with some of the causes of attachment mentioned in the Code, (sections 1848 and 1852), but it is not required in regard to the cause here alleged, under the act of 1853, namely, that the debtor had property, which he refused to give in payment, or in security.  In the other cases, this intent is necessary to give a character to the act. Thus a conveyance of property may be lawful and proper, but to make it a ground for attachment, it must be done with the intent to defraud.  But under this act, the refusal to pay, or secure by the property, is the essential act, and requires no further intent, or averment of intent, than is implied in the fact and averment of refusal.  See *Danforth et al.* v. *Carter et al.*, 1 Iowa, 546; *Hart* v. *Cummins*, 1 Iowa, 565.

The record does not indicate upon what ground the court sustained the motion to quash, and having examined the causes assigned, and finding none of them sufficient, we are of opinion that the attachment should not have been set aside, and the judgment of the district court thereon, is reversed.