WILLIAM C. NORTON vs. G. A. HAUGE and others. .

November 27, 1891.

47    405
81    227

Attachment—Affidavit—Subscription by Affiant.—In the absence of a rule of court or statute requiring it, the subscription to an affidavit by the affiant is not necessary.

Appeal by defendants from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial after verdict of $196.72 for plaintiff.

*Quinn & Putnam*, for appellants.

*Lovely & Morgan*, for respondent.

GILFILLAN, C. J. Action in trespass for taking personal property. Defendants justify the taking under a writ of attachment issued by, a justice of the peace in an action wherein the defendants Hauge, Christopherson, and Haugen, partners as Hauge, Christopherson & Co., were plaintiffs, and this plaintiff and one Stanton were defendants, and executed by the defendant Trow, then a constable, by taking the property, August 9, 1890. On August 11th that action was dismissed, another in behalf of the defendant Haugen against the same defendants was commenced before the same justice, another writ of attachment issued, and the same property was taken upon it, and the property was subsequently levied upon by the sheriff under an execution issued upon a judgment in favor of the plaintiff in that action. Nothing occurred between the dismissal of the first action

and the levy of the attachment in the second for which the defendants could be held liable.   Their liability depends on the validity of the first attachment.   The only objection to that attachment is that the affidavit on which it issued was not subscribed by the affiant.   It was in the usual form, commencing. after the venue, "T. K. Haugen, being duly sworn, deposes and says," etc., and it was subscribed, "Hauge, Christopherson & Co."   "An affidavit is a statement or declaration reduced to writing, and sworn or affirmed to before some officer who has authority to administer an oath or affirmation."   Bouv. Law. Dict. 131.   Of course, the signature and official designation of the officer are essential, because they give authenticity to it.   But, although it is the universal custom for the affiant to subscribe, it is not, in the absence of a rule of court, (*Hathaway* v. *Scott,* 11 Paige, 173,) or a statute requiring it, necessary, where his name appears in it as the person who took the oath.   *Haff* v. *Spicer,* 3 Caines, 190; *Jackson* v. *Virgil,* 3 John. 540; *Redus* v. *Wofford,* 4 Smedes & M. 579; *Bates* v. *Robinson,* 8 Iowa, 318; *Bloomingdale* v. *Chittenden,* 75 Mich. 305, (42 N. W. Rep. 836.)   While it may be useful for the purpose of identification, as where there may be two persons of the same name, it does not, as does the signature of the officer, authenticate the act, or show that the oath was taken.

Order reversed.