THE PEOPLE ex rel. THE HARLAN AND HOLLINGSWORTH COM-
PANY, Appellant, v. FRANK CAMPBELL, as Comptroller, etc.,
Respondent.

A foreign manufacturing corporation, whose business is conducted in
another state, where all parties interested in it and its officers reside,
and all its contracts made, its products manufactured, sold and deliv-
ered, and which transacts none of its corporate business in this state, but
has an office herein in charge of a salaried agent, maintained simply as
a convenient meeting place for its patrons for the discussion of ques-
tions preliminary to the making of contracts, the contracts themselves
being in every case executed at the home office, and the rent of the
office and the salary of its agent paid by checks drawn on a bank in
another state and paid there, cannot, for the purposes of taxation, be
regarded as employing any of its capital in this state, and so is not tax-
able under the provisions of the act providing for the taxation of certain
corporations. (Chap. 542, Laws of 1880, as amended by chap. 36, Laws
of 1881; chap. 501, Laws of 1885; chap. 463, Laws of 1889.)

Upon appeal from an order dismissing a writ of certiorari to review
the action of the comptroller, in imposing upon a foreign corporation a
tax upon capital "employed within this state," the comptroller objected
for the first time, that the application was not made within thirty days
after service upon the relator of the notice of the settlement of the
taxes as required by the act (§ 17, chap. 501, Laws of 1885). *Held*,
that such objection to be available should have been made in the court
below, and not having been so made, could not be considered here.

It appeared that on the application for a review of the taxes, the relator
did not produce its witnesses for examination before the comptroller,
but furnished affidavits which were received without objection on the
part of the comptroller, and were considered by him as evidence. *Held*,
that the objection could not be raised on appeal that such evidence was
not competent within the provisions of the statute (§ 20, chap. 463, Laws
of 1889); that while the comptroller might have required the witnesses
to be examined orally before him, it was for him to determine how the
evidence should be produced, and he could receive and treat the affidavits
as competent evidence.

(Argued June 20, 1893 ; decided October 3, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made November 22,
1892, which affirmed the determination of the comptroller in
declining to set aside a tax assessed against the relator, a

foreign corporation, under chapter 542, Laws of 1880, and the acts amendatory thereof, and dismissed a writ of certiorari to review the proceedings of the comptroller.

The facts, so far as material, are stated in the opinion.

*Henry B. B. Stapler* and *Henry W. Smith* for appellant. It is submitted that the taxes, an account for which has been settled by the said comptroller against the relator, cannot lawfully be demanded of the relator, since it is a foreign corporation not doing business in this state. (Laws of 1880, chap. 542; Laws of 1881, chap. 361; *People* v. *A. B. T. Co.,* 117 N. Y. 244; *People* v. *E. T. Co.,* 96 id. 387; *People ex rel.* v. *Wemple,* 129 id. 563; *People ex rel.* v. *Wemple,* 133 id. 325.) The record shows that the sole duty of the agent of the relator is to keep the relator informed of opportunities for the relator to obtain orders for business to be done by the relator in the state of Delaware, and to facilitate the relator in obtaining such orders. An interpretation which would bring such acts within the scope of the statute would, it is respectfully submitted, render it repugnant to the Constitution of the United States. (*Robbins* v. *S. T. Dist.,* 120 U. S. 490; *Brown* v. *Houston,* 114 id. 622; *M. Co.* v. *Gage,* 100 id. 670; *Crutcher* v. *Kentucky,* 141 id. 47; *Lyng* v. *Michigan,* 135 id. 161; *Asher* v. *Texas,* 128 id. 129; *People* v. *H. S. M. Co.,* 105 N. Y. 83.) To hold the relator liable to taxation in this state because it here solicits orders for business to be done in the state of Delaware would work the greatest hardship upon the relator. The record shows that the relator is subject to taxation in the state of Delaware. It will thus be doubly taxed in the same business. (*Robbins* v. *S. T. Dist.,* 120 U. S. 490.) No arbitrary power is vested in the comptroller to fix at will the amount of the alleged capital stock employed within the state, of a foreign corporation which presents the uncontradicted sworn statements of its president and agent, showing that it has no property in this state save five hundred dollars worth invested in office furniture, as above stated. (Laws of 1885, chap. 501, § 12; Laws of 1889, chap. 463, § 22.)

*S. W. Rosendale, Attorney-General,* for respondent. The relator is a foreign corporation doing business in this state, and hence within the provisions of the Corporation Taxing Act. (Laws of 1880, chap. 542, § 3 ; *People ex rel.* v. *Wemple,* 129 N. Y. 558 ; *People ex rel.* v. *Davenport,* 91 id. 574 ; *People ex rel.* v. *Wemple,* 131 id. 64 ; 129 id. 563 ; *People ex rel.* v. *H. S. M. Co.,* 105 id. 76.) The statements in the return and the affirmance of the determination of the comptroller by the Supreme Court, are conclusive upon the facts. (*People* v. *Dains,* 38 Hun, 43 ; *People* v. *Fire Comrs.,* 73 N. Y. 437 ; *People ex rel.* v. *French,* 92 id. 306 ; *People* v. *City of Rochester,* 21 Barb. 656 ; *People* v. *Knowles,* 47 N. Y. 415.) The application by the relator to the comptroller for a revision and readjustment of its account was properly denied, for the reason that no legal evidence was submitted to him to warrant such revision or readjustment. (*People ex rel.* v. *Walsh,* 87 N. Y. 481 ; *Bookman* v. *Stegman,* 105 id. 621.) The original action of the comptroller in settling and determining the tax in question cannot be reviewed on this appeal, because the writ of certiorari was not applied for within the time prescribed by law. (Laws of 1880, chap. 542, § 17.)

EARL, J. The relator is a foreign corporation having its charter and local habitation in the state of Delaware. The comptroller, claiming that it was " doing business in this state," imposed taxes upon it, on account of such business, under the act chapter 542 of the Laws of 1880, and the acts amendatory thereof (chapter 361, Laws of 1881 ; chapter 501, Laws of 1885 ; chapter 463, Laws of 1889), for the years 1889, 1890 and 1891, computing the taxes upon the basis of $25,000, capital stock " employed within this state." Subsequently, the relator, claiming that it did not do any business or employ any of its capital within this state, applied to the comptroller to review and readjust the taxes ; and after hearing the relator and reviewing and considering its evidence submitted to him, he refused to make any change in the taxes imposed.

Subsequently the relator obtained a writ of certiorari to

review the action of the comptroller. to which he made return, and the General Term affirmed his action.

The comptroller makes some preliminary objections to the maintenance of this proceeding, not involving the merits, which must first be considered.   He claims that the application for the certiorari was not made within thirty days after service upon the relator of the notice of the settlement of the taxes, as required by section 17 of the act of 1885.   It is quite true from the dates given in this record that the certiorari was not applied for in time.   But it does not appear that such a point was taken in the court below.   There the proceeding seems to have been entertained without any such objection, and the action of the comptroller was affirmed.   If he desired to avail himself of such an objection he should have moved there on that ground to quash the writ, and that would have given the relator an opportunity to meet the objection by showing that by some agreement or estoppel he could not avail himself thereof.   It is too late now for the first time to raise the objection.

The comptroller further claims that the relator did not submit to him any competent evidence upon its application for a review or resettlement of the taxes as required by section 20 of the act of 1889.   It appears that the relator did not furnish witnesses to be sworn and examined orally before the comptroller.   The evidence was in the form of affidavits furnished to and received by him.   His decision shows that he considered the affidavits as evidence, and it does not appear that anyone objected to them as competent and sufficient evidence. The comptroller could doubtless have required the witnesses to be examined orally before him.   But it was for him to determine how the evidence should be presented before him, and in this, as in many other legal proceedings, affidavits may be received and treated as competent evidence.

So the merits of this controversy are before us and it must be determined upon the facts appearing in this record.   There is no dispute about the facts.

The business of the relator was to manufacture steamships

and railway cars, and to equip and repair the same, and all that business was carried on in the state of Delaware. There all the parties interested in the relator and all its officers resided, and there all its real business transactions were conducted. All its contracts were made there and all its products were sold and delivered there. It did no manufacturing in this state, kept no money here and had no property here except a small amount of office furniture, and in fact it transacted none of its corporate business here. It kept a hired office in the city of New York which was in charge of a resident salaried agent, and the office was maintained " solely for the convenience of itself and patrons, the only design of said office being a meeting place for the discussion of questions which are likely to arise preliminary to the signing of contracts; for appointments and conferences with such of its patrons who, being in the city of New York from time to time, may desire the convenience of an office for communications with it, and for ascertaining through its agent in charge of the same what contracts are offering in that locality, and the character and responsibility of the parties offering the same, the contracts themselves being made and signed in every case at the home office in Wilmington; " and this is all the claimed business done by the relator in this state; and upon these facts can it be said that it was, within the meaning of the statute, " doing business in this state?" We leave this question unanswered, as we are satisfied that it did not employ any of its capital within this state, and that, therefore, there was no basis for the imposition of the taxes. As before stated, except the small amount of furniture in its office, it did not have or keep any property of any kind within this state, and it did not disburse any money in this state. The only obligations it incurred in this state were for the rent of the office and the salary of its agent, and they were discharged by checks drawn in the state of Delaware, on a Delaware bank, and paid in that state. Those checks were obligations of the relator, and not property in any sense belonging to it, and they were no portion of its capital. They operated as payments made

in the state of Delaware, and there was no ground whatever for saying that it employed $25,000 of its capital, or any other sum, within this state. We do not think that the office furniture could fairly be considered as capital employed within this state. But even if it could be, the amount is too small for serious consideration under the acts mentioned.

We are, therefore, of opinion that the order of the General Term and the decision of the comptroller in the imposition of the taxes should be reversed, with costs of appeal to this court.

All concur, except MAYNARD, J., taking no part.

Order reversed.