(February 14, 1895.)

## SIMMONS HARDWARE COMPANY v. ALTURAS COMMERCIAL COMPANY. STANDARD OIL COMPANY v. ALTURAS COMMERCIAL COMPANY.

[39 Pac. 550.]

AFFIDAVIT IN ATTACHMENT—WHEN SUFFICIENT—DEFECTS IMMATERIAL.—Where the affidavit in attachment purports to have been duly sworn to before a proper officer, and the name of the affiant appears in the commencement of the affidavit as "A. B., being duly sworn, etc.," the affidavit will be held sufficient, although the signature of the affiant does not appear thereon.

UNDERTAKING IN ATTACHMENT—MERE CLERICAL ERRORS WILL NOT VITIATE.—The purpose of the undertaking in attachment provided for in the statute is to indemnify the defendant, and where it is conclusive that this end has been served, mere clerical errors, or the omission or insertion of unimportant words will not vitiate the instrument.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

F. E. Ensign, for Appellant.

Attachment proceedings cannot be amended in Idaho because the only question that can be considered by the court on motion to discharge the attachment is this, Was the writ of attachment at the time of its issuance "improperly or irregularly issued?" If at that time it was "improperly or ir-

regularly issued" it must be discharged. (Rev. Stats., secs. 4321, 4323; *Babe v. Coyne,* 53 Cal. 261; *Winters v. Pearson,* 72 Cal. 553, 14 Pac. 304.)  An attachment is unauthorized and void unless issued in strict compliance with the provisions of the statute. (*Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851; *Roberts v. Sandecker,* 9 Cal. 262; *Hisler v. Carr,* 34 Cal. 641; *Gow v. Marshall,* 90 Cal. 567, 27 Pac. 422; *Hawley v. Delmas,* 4 Cal. 195; *Wilke v. Cohen,* 54 Cal. 212; *Merced Bank v. Morton,* 58 Cal. 360; *Winters v. Pearson,* 72 Cal. 553, 14 Pac. 304.)  The affidavit for attachment in said Standard Oil Company suit lacks the signature of affiant.  When the affidavit is not amendable and strict compliance with the law is required that the signature is necessary.  (*Watt v. Carnes,* 4 Heisk. 532; *Cohen v. Manco,* 28 Ga. 27; 2 Sand. 648; 1 Barb. Ch. 603; 1 Whittaker's Practice, 165, 166; 1 Bacon's Abridgment, 146.)  The original undertaking in the Standard Oil attachment is defective because it does not give us the security the statute provides for.  Under the statute we would be entitled to damages if either of the two contingencies stated in the undertaking happened.  In the undertaking we would not be entitled to damages unless both happened.  The substitution of "and" for "or" is fatal. (*Moody v. Levy,* 58 Tex. 532; 1 Wade on Attachment, sec. 56, and cases cited.)  A bond is regarded as insufficient when it fails to furnish the full statutory indemnity although it may partially secure the defendant against loss.  (1 Wade on Attachment, sec. 114, and cases cited.)

Selden B. Kingsbury and Johnson & Johnson, for Respondents.

"Under our statute it is the duty of the clerk of the court in which the suit is commenced to issue the writ upon the filing by the plaintiff of an affidavit stating the ultimate facts in the language of the statute, together with an undertaking, in amount and form as defined by statute.  Upon such compliance with the statute, the plaintiff demands, as a right, the issuance of the writ, and, in issuing the writ, the clerk has no discretionary power.  He but performs a ministerial duty in obedience to a plain statutory mandate.  (Drake on Attachment, secs. 97,

98; Waples on Attachment, 108.) In considering the requisites of an affidavit for attachment, "conscientious explanations should be respected and graciously received and considered by the court, since they may give greater assurance of the truth of the affidavit than a formal following of the statute words would give." (Waples on Attachment, 97, 98.) The appellant, by its motion, objects to this affidavit that it shows that plaintiff's demand had been secured. Appellant nowhere objects that the affidavit does not sufficiently show that the demand had not been secured, and unless the affidavit shows that we have been secured the order must be affirmed. The appellant cannot now (for first time) object to the affidavit for what it does not show, but he is confined to the grounds of his motion that it does show that we were secured. "The motion must specify the grounds upon which it is made. It is not sufficient to say that it is made 'because the writ was improperly issued'; there must be a statement of the points of objection upon which the moving party will rely." (Drake on Attachment, sec. 416; 1 Wade on Attachment, sec. 292; *Freeborn v. Glazer,* 10 Cal. 337; *Loucks v. Edmonson,* 18 Cal. 203; *Donnelly v. Strueven,* 63 Cal. 182; Waples on Attachment, 417; *Windt v. Banniza,* 2 Wash. 147, 26 Pac. 190.) Statutory bonds and undertakings must be read in connection with the statute under which they are executed. (*Matoon v. Eder,* 6 Cal. 59; *Russell v. Elliott,* 2 Cal. 245; *People v. Carpenter,* 7 Cal. 402; *Heynemann v. Eder,* 17 Cal. 433; *Billings v. Roadhouse,* 5 Cal. 71; *Fresno Enterprise Co. v. Allen,* 67 Cal. 508, 8 Pac. 59.)

HUSTON, J.—These cases, resting, as they do, upon similar facts, and involving the application of the same principles of law, were heard together, and will be so considered by the court. The appeal is from orders of the district court denying applications for the discharge of certain writs of attachment sued out by the plaintiffs and levied upon property of defendant. The record contains the papers upon which the motions were made, consisting of the affidavits for attachment and the undertakings in each case, the motions, and the order of the court thereon. We will consider the questions raised by the record in the order in which they were presented upon the hearing.

It is contended by appellant that the affidavit of attachment in the case of *Simmons Hardware Co. v. Alturas Commercial Co.* is void for the reason that it affirmatively appears therefrom that at the time the same was made the plaintiff had received from the defendant, and still held, as collateral security for the debt sued for, a pledge of personal property. Said affidavit, after the usual statements required ·by the statute, contains the following statement: "That after said contract was made, and said claim became payable to the plaintiff, the defendant sent to the plaintiff, as collateral security for said claim, a certain account purporting to be an account against a firm known as 'Holland & Short,' and that defendant agreed to forward in place of said claim a note of said firm of Holland & Short. That defendant has not forwarded to the plaintiff a note of said firm of Holland & Short, but instead thereof forwarded what purported to be a note signed by one W. A. Holland and J. B. Short as individuals, and that said note was taken by the defendant from the said individual, Holland and Short, in pursuance of an agreement made between the said defendant and the said firm of Holland & Short, and that said claim of Holland & Short should be merged in said note (and said claim was and is merged in said note). That, in accordance with said agreement between Holland & Short and the defendant, said Holland and Short, individuals, made and executed said note, and delivered the same to the defendant, as plaintiff is informed and believes, and the said defendant sent the same to this plaintiff in order that this plaintiff might take the same in place of said claim of said firm of Holland & Short, and hold the same as collateral security, but this plaintiff is unwilling to take and accept the said note as collateral security, and has returned the same to the defendant. That the plaintiff has now no security whatever for its said claim, and that the pretended giving of security by the defendant to the plaintiff was unfairly, and, as affiant believes, fraudulently, made and attempted for the purpose of defrauding the plaintiff of any chance to secure his claim by attachment, and of defrauding plaintiff out of his said claim, and that there was never in fact any security. That this attachment is not sought, and the action is not prosecuted, to hinder, delay or defraud any creditors

of the defendant." It is contended by appellant that as the affi-
davit admits the receipt by the plaintiff of the account or claim
against Holland & Short, and does not show that the same was
ever returned to the defendant, we must conclude that said
claim or account was so kept and retained by plaintiff as se-
curity for the debt for which attachment was sought. Accepting
the statements in the affidavit as true—which, for the purposes
of this case, we must do—no issue having been raised by the
filing of counter-affidavits or otherwise upon this question, we
must base our conclusions entirely upon the record before us.
Does it support this contention? The claim of account against
Holland & Short was accepted by plaintiff conditionally, to wit,
that the same should be substituted by the note of said firm of
Holland & Short. The defendant procured and sent to plaintiff
the individual note of Holland and Short, which plaintiff de-
clined to accept, and returned, as not being in conformity with
its agreement with defendant. Conceding that the account or
claim against Holland & Short remained in the possession of
plaintiffs, of what avail was it to them as security? The plain-
tiff could not sustain an action upon the account against Hol-
land & Short, for it had at the demand of its creditor (the
defendant) liquidated the claim by giving a note therefor; so
the same was valueless in the hands of plaintiff or anyone else,
and this impairment of value was in no way attributable to the
acts of the plaintiff. It is not necessary to attribute any fraud
or wrongful motive to defendant in this transaction. It is suffi-
cient to say that it appears that, from the record before us, the
agreement to give the plaintiff security was not carried out ac-
cording to its terms, and that the security proffered was not
accepted, but was returned to the defendant. This case is not
in parity with *Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St.
Rep. 279, 29 Pac. 851. In that case the plaintiff had received
and accepted a draft or order, and had not only retained it, but
had received partial payment thereof. The consideration of
this point does not involve the question of amendment of the
affidavit. We think the affidavit, as set forth in the record, was
sufficient.

Appellant objects to the affidavit for attachment in the case of
*Standard Oil Co. v. Alturas Commercial Co.* upon the ground

that the same was not signed by the affiant, although duly veri-
fied.    The authorities upon this question are somewhat conflict-
ing.    The trend of decision seems to be directed, if not con-
trolled, by the letter of the statutes.    If the statute requires,
as in some cases it does, that the affidavit shall be "signed and
sworn to," or "subscribed and sworn to," the letter of the law
has been held to control, and the signature of the affiant held to
be an indispensable requisite to the validity of the affidavit.    On
the other hand, when the statute has not in terms made the
signing of the affidavit a necessary incident, the absence of the
signature of the affiant has been held not to invalidate the affi-
davit.    Some of the chancery courts of this country, following
a rule laid down by the chancery courts of England, have in-
sisted upon the presence of the signature of the affiant to give
validity to the affidavit, but a contrary rule has obtained in the
courts of law from a very early period.    .In *Haff v. Spicer*
(1805), 3 Caines, 190, it was quite peremptorily held that the
absence of a signature to the affidavit did not invalidate it.    The
court says (and this is the whole text of the decision) : "It be-
gins with his name, and that is sufficient"; and this ruling is fol-
lowed and affirmed by the same court in *Jackson v. Virgil,* 3
Johns. 540, and this rule seems to have obtained generally, when
the wording of the statute has not required a departure there-
from.    Under the weight of authority, and the imperative re-
quirements of section 4 of our Revised Statutes, we feel con-
strained to hold that the signing of the affidavit was not in this
case an indispensable prerequisite to the issuance of the attach-
ment; although we believe, with many of the authorities who
thus hold, that it is the better practice to have the signature
of the affiant appear upon the affidavit, as it doubtless would do
but for mistake or inadvertence on the part of the attorney in
drawing the papers.

Objection is made by appellant to the undertakings filed in
both of the cases under consideration.    In the case of *Simmons
Hardware Co. v. Alturas Commercial Co.* the original under-
taking closes with these words: "The plaintiff will pay all costs
that may be awarded to the defendant, and all damages that
he may sustain by reason of attachment under execution, in the
sum of $4,000."    It is palpable that the words "under execu-

tion" were inserted by inadvertence or mistake. They have neither pertinence, place or meaning as they appear, nor would they, in our opinion, at all affect the validity of the undertaking. We think they come clearly within the rule laid down by Judge Amasa J. Parker in *Teall v. Van Wyck,* 10 Barb. 379, which is as follows: "When the words of a bond are not sufficiently explicit, or, if literally construed, the words would be nonsense, it must be construed with reference to the intention of the parties. In doing this it is allowable to depart from the letter of the condition, to reject insensible words, and to supply obvious omission." The intention of the party here was to procure a remedy provided by the statute, by a compliance with the terms and conditions of the statute. The object and purpose of the statute is that one seeking the remedy by attachment shall, before being allowed to avail himself of such remedy, give the indemnity to the defendant required by the statute. We think the indemnity required by the statute was complete under the first undertaking, but, even if it were not, the filing of the second undertaking by leave of court placed the matter beyond cavil.

The objection of appellant that the filing of the second undertaking was unauthorized is not tenable. We have found no authorities in support of this contention, while, aside from the plain and unequivocal provision of our own statutes, all the authorities we have been able to consult upon the question are against the contention of appellant. Our conclusions cover the objections raised by appellant to the undertaking in the case of *Standard Oil Co. v. Alturas Commercial Co.* The orders of the district court in both cases are affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.