In Re Petition of Shannahan, Wrightson Hardware Company.

*Chattel Mortgage—Statute—Affidavit ; Not signed by Affiant; Sufficiency of—Mortgagor—Description of—Person named in the Mortgage—Must such Fact be sworn to—Practice.*

1. While it is almost the universal practice in this State for affidavits to be signed by the persons making them, and while this is the safe and better practice, the signature of the affiant is not essential in the absence of a rule of Court or statute requiring it. An affidavit, therefore, required by the statute to be endorsed upon and recorded with a chattel mortgage, is sufficient, although not signed by the affiant.

2. The description of the affiant as "George P. Knight, mortgagor," is a sufficient designation of him as the person who made the mortgage, and it was not necessary that he should in express terms depose that he was the mortgagor named in the mortgage.

(*Opinion delivered October 24, 1904.*)

Judges Spruance and Boyce, sitting.

*Thomas C. Frame, Jr.,* for petitioner.

*Henry Ridgely, Jr.,* for First National Bank of Dover.

Superior Court, Kent County, April Term, 1904.

Spruance, J. :—The petitioner is the mortgagee named in a chattel mortgage executed by George P. Knight. The personal property specified in the mortgage was sold by the Sheriff of Kent County under an execution, in favor of the First National Bank of Dover against the said George P. Knight, issued and levied upon the said property after the said mortgage was executed and recorded.

The proceeds of said sale were paid into Court by the Sheriff, and this is a petition for the application of said proceeds to the payment of said mortgage.

The said bank objects to such application on the ground that the alleged affidavit, endorsed upon and recorded with said mortgage, is not sufficient, because, (1) it is not signed by the affiant, and (2) that the affiant does not depose that he is the mortgagor named in said mortgage.

The act entitled " An Act in Respect to Chattel Mortgages," *Volume 15, Chapter 477*, provides as follows :

" Sec. 4. No mortgage made under the provisions of this Act shall be valid, unless there be indorsed upon or annexed to it, and to be recorded with it, an affidavit that the said mortgage was made for the *bona fide* purpose of securing a debt or making indemnity, as the case may be, and was not made to cover the property of the mortgagor or protect it from his creditors, or to hinder or delay them in the collection of their debts."

The alleged affidavit indorsed upon and recorded with said mortgage is as follows :

" State of Delaware, }
          Kent County.   } ss.

Personally came before me, John B. Hutton, a Notary Public for the State of Delaware, George P. Knight, mortgagor, who being by me duly sworn according to law deposes and says that the above mortgage was made for the *bona fide* purpose of securing a debt and was not made to cover the property of the mortgagor or to protect it from his creditors, or to hinder or delay them in the collection of their debts.

Sworn and subscribed before me this 20th day of July, A. D. 1901.

John B. Hutton,
*Notary Public*."

[Seal of Office.]

Bacon's Abridgement, title "affidavit," defines an affidavit to be " An oath in writing, *signed by the party deposing,* sworn before, and attested, by him who has authority to administer the same."

In Bovier's Law Dictionary the definition given is, " A statement or declaration reduced to writing, and sworn or affirmed to before some officer who has authority to administer an oath."

In the Encyclopedia of Pleading and Practice, Volume 1, p. 309; it is defined to be " A voluntary, *ex parte* statement formally reduced to writing, and sworn to or affirmed before some officer authorized by law to take it."

In some of the States it has been held that the signature of the affiant is necessary to make an affidavit valid.

*Crenshaw vs. Taylor, 70 Iowa, 386 ; Lynn vs. Morse, 76 Iowa, 665 ; Hargadine vs. VanHorn, 72 Mo., 370 ; Watt vs. Carnes, 51 Tenn., 532.*

But the decided weight of authority in this country appears to be that the signature of the affiant is not necessary in the absence of a rule of court or statute requiring it.

*1 Ency. of Pl. and Prac., 315 ; Jackson vs. Virgil, 3 Johns. (N. Y.), 540 ; Haff vs. Spicer, 3 Caines (N. Y.), 190 ; Hitsman vs. Gerrard, 16 N. J. L., 124; Bloomingdale vs. Chittenden, 75 Mich., 305 ; Norton vs. Hague, 47 Minn., 405 ; Bates vs. Robinson, 8 Iowa, 318 ; Edne vs. Johnson, 15 Cal., 53 ; Redus vs. Wofford, 4 Smed. & M., (Miss.) 579 ; Woods vs. State, 134 Ind., 42 ; Harrison vs. Lister, 80 Ill., 311.*

In *Hitsman vs. Gerrard, Bloomingdale vs. Chittenden* and *Edne vs. Johnson,* cited above, the affiants did not sign the affidavits but the jurats, signed by the officer, were, as in this case, " Sworn and subscribed before me," etc. The allegations in the jurats as to signature were rejected as superfluous, and the affidavits were held to be valid.

In *Edne vs. Johnson,* above cited, and in *Gambrinus vs. Weber, 41 Ohio, 689,* it was held that an affidavit to a chattel mortgage, not signed by the affiant, but regular in other respects, was sufficient.

In case of the probate of a debt against the estate of a deceased person, our statute expressly requires that the affidavit be signed by the party making it (*Rev. Code Ch. 89, Sec. 29*), but there is no such statutory requirement in case of affidavits of the character now under consideration, and there is no reported case in this State in which the question has been determined.

If an affidavit is valid without the signature of the affiant, it necessarily follows that the affiant would be liable to indictment for perjury if his affidavit is wilfully false.

In *Bates vs. Robinson, Supra,* the Court held that it is not essential that the affiant sign the oath, and that he is as liable to the penalties of perjury, if he does not sign as if he does.

The signature of the affiant would usually be sufficient to identify him as the person taking the oath, but as to this and all other matters relating to the affidavit, the certificate of the officer under his hand and official seal is conclusive in the absence of sufficient evidence to the contrary.

*Rev. Code Ch. 112 Sec. 9; Hanson vs. Cochran, 9 Houst. 192.*

The second ground of objection to the affidavit is that the affiant does not depose that he is the mortgagor named in the mortgage.

The description of the affiant as "George P. Knight, mortgagor," is a sufficient designation of him as the person who made the mortgage, and it was not necessary that he should in express terms depose that he was the mortgagor named in the mortgage.

While it is almost the universal practice in this State for affidavits to be signed by the persons making them, and while this is the safe and better practice, we are of the opinion that the signature of the affiant was not essential in this case, and that the affidavit endorsed upon and recorded with the mortgage is sufficient.