INTERNATIONAL HARVESTER COMPANY OF AMER-
ICA, Respondent, *v.* EMBODY, Sheriff, et al., Appel-
LANTS.

(No. 6,765.)

(Submitted March 12, 1931. Decided April 6, 1931.)

[298 Pac. 348.]

*Messrs. Arnot & Doyle,* for Appellants, submitted a brief.

*Messrs. Speer & Hoffman,* for Respondent, submitted **a** brief; *Mr. J. W. Speer* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by defendants from a judgment in favor of the plaintiff.

It appears that on the twenty-fifth day of August, 1926, Mr. and Mrs. J. A. Anderson executed a chattel mortgage to the plaintiff to secure several promissory notes, aggregating $800, which were given for the purchase of a 1½ ton Graham Bros. truck. The mortgagors executed and acknowledged the mortgage in due form, but the agent of the mortgagee failed to sign the affidavit of good faith which the statute requires, although he wrote his name at the beginning thereof. A copy of the mortgage was given to the mortgagors who receipted for it. The original mortgage was filed for record. Thereafter, in December, 1926, Langbell & Erickson, copartners, commenced an action in a justice's court against Mr. and Mrs. Anderson upon an open account, and after judgment had been entered in favor of Langbell & Erickson, execution was issued thereon and pursuant thereto the sheriff sold the property at

public auction. Thereupon the plaintiff brought this action in conversion against the sheriff, his bondsman, and the other defendants. After trial the court rendered judgment for plaintiff for the value of the property, with interest and costs.

The only question for decision is whether the chattel mortgage was invalid by reason of the fact that plaintiff's agent failed to sign his name at the bottom of the affidavit.

Section 8276, Revised Codes 1921, provides that a mortgage of personal property must be signed by the mortgagor and be acknowledged by the mortgagor before some officer qualified to take acknowledgments, and every such mortgage must have attached thereto the affidavit of the mortgagee, his agent, attorney or other representative, that the same is made in good faith to secure the amount named therein without any design to hinder, delay or defraud creditors. Section 10632, Id., says that "an affidavit is a written declaration under oath made without notice to the adverse party."

The general rule is, in the absence of a statute requiring that an affidavit be signed, if it appears by the certificate of a competent attesting officer that the affiant made oath thereto, the affidavit will be held sufficient. The great weight of authority sustains this position. (*Ede* v. *Johnson*, 15 Cal. 53; *City of Petaluma* v. *White*, 152 Cal. 190, 92 Pac. 177; *In re Johnston*, 220 Fed. 218; *Simmons Hardware Co.* v. *Alturas Comm. Co.*, 4 Idaho, 334, 95 Am. St. Rep. 66, 39 Pac. 550; *Lutz* v. *Kinney*, 23 Nev. 279, 46 Pac. 257; *Lewis* v. *State*, 32 Ariz. 182, 256 Pac. 1048; *Rameau* v. *Valley*, 168 Mich. 569, 134 N. W. 987; *Norton* v. *Hauge*, 47 Minn. 405, 50 N. W. 368; *Turpin* v. *Eagle Creek*, 48 Ind. 45; *Garrard* v. *Hitsman*, 16 N. J. L. 124; *Shelton* v. *Berry*, 19 Tex. 154, 70 Am. Dec. 326; *In re Shannahan-Wrightson Hdw. Co.*, 21 Del. (5 Penne.) 138, 58 Atl. 1023; *Holman* v. *State*, 144 Ala. 95, 39 South. 646; *Williams* v. *Williams*, 117 Miss. 251, 78 South. 152; *Armstrong* v. *Austin*, 45 S. C. 69, 29 L. R. A. 772, 22 S. E. 763; 2 C. J. 357; 1 R. C. L. 769.)

Here there is no question that plaintiff's agent actually wrote his name into the affidavit, nor any doubt that the

notary public administered the oath to him and afterwards certified the fact.

The judgment is affirmed.

ASSOCIATE JUSTICES GALEN, FORD, ANGSTMAN and MATTHEWS concur.