SMITH, RESPONDENT, *v.* HAMILL, EXECUTRIX, APPELLANT.

(No. 8,103.)

(Submitted February 28, 1941. Decided April 4, 1941.)

[112 Pac. (2d) 195.]

586

*Messrs. Toomey, McFarland & Chapman,* for Appellant, submitted a brief; *Mr. John W. Chapman* argued the cause orally.

*Mr. Sherman W. Smith, pro se,* submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff obtained a judgment by default against the defendant. Defendant's motion to set aside the default and judg-

ment being denied, he appealed from the judgment. The sole question for consideration is whether the court had jurisdiction to enter the judgment complained of. Jurisdiction is challenged on several grounds, which will hereafter be separately considered.

The facts involved are these: The plaintiff's complaint was filed on August 19, 1939. On the same day summons was issued; likewise on the same day plaintiff filed an undertaking on attachment and an affidavit for attachment, and a writ of attachment was issued. On September 7 the sheriff made return on the original summons to the effect that he was unable to find the defendant. On that day plaintiff filed his affidavit of publication of summons, reciting, among other things, that the defendant was residing at the Pickwick Hotel, San Diego, California. It recites that the sheriff levied the writ of attachment against the First National Bank and Trust Company of Helena, and that the bank made a return thereon that the sum of $1,000 owned by the defendant was held by the bank subject to the attachment. Pursuant to this affidavit the clerk made an order for the publication of summons on September 7. Likewise on that day appears what purports to be an affidavit of mailing purporting to have been made by Edwin H. Jasmin, deputy clerk of the court, and reciting that a copy of the complaint and summons was mailed by him to the defendant at Pickwick Hotel, San Diego, California. That affidavit purports to have been sworn to before Rae Q. Smith, Deputy Clerk, but it was not signed by Edwin H. Jasmin. The record shows that on October 6 there was filed an affidavit of C. A. McLaughlin to the effect that an alias summons, a copy of which is attached to the affidavit, was published once a week for four weeks in the Montana Record Herald, commencing on September 8, 1939, and ending on September 29. That summons recited that "this action is brought for the purpose of recovering the sum of $1,000 due this plaintiff from defendant on an account stated for attorney's fees." It purports to have been signed on September 7 by Will Whalen, Clerk, by Rae Q. Smith, Deputy Clerk. On October 20 the matter came on for hear-

ing. Plaintiff was sworn and testified, and judgment was entered in his favor. Thereafter, and on October 27, there was filed a sheriff's return on execution, showing the judgment fully satisfied. On October 30 defendant's motion to set aside and vacate the default and judgment was filed.

The principal ground urged by the defendant is that the ██ record does not show that the court had jurisdiction, in that it fails to show that any property was brought under the custody of the court prior to the order directing publication of the summons. The record discloses that the sheriff made return under the writ of attachment reciting that he received the writ "on the 19th day of July, A. D., 1939, and personally served the same by delivering a copy thereof to First National Bank and Trust Company on the 19th day of October, A. D. 1939, and levying on and attaching the following described property, to-wit: .the sum of $1,000 in possession of First National Bank and Trust Company." This return was dated on the 19th day of October, but not filed until October 27. Briefly stated, defendant's contention is that before the court may enter a default judgment, the record must show affirmatively all the facts necessary to confer jurisdiction, and that the sheriff's return on the writ of attachment shows on its face that it was not filed until after the judgment was entered. He contends that the affidavit of the plaintiff showing that the property was attached at the time the order for publication of summons was made, cannot be resorted to because the only method of proving what was done under the writ of attachment is the return of the sheriff.

There is a conflict of authorities on the question as to when the court may obtain jurisdiction by substituted service. Some cases hold that property must be brought within the custody of the court before the court can order service by publication. Others take the view that it is sufficient if the property is brought into the custody of the court at any time before judgment is entered. The cases on both sides of this question are listed in 50 C. J. 505, 506. In this case we do not deem it necessary to pass on that point. The affidavit of plaintiff shows that

the property was attached at the time the order for publication of summons was made. Hence, if we may look to that affidavit at all, then we are warranted in holding that the court, so far as this point is concerned, did have jurisdiction.

The cases are not uniform with respect to the effect of the sheriff's return on a writ of attachment. Some cases hold that the recitals in the return are conclusive (4 Am. Jur., Attachment and Garnishment, sec. 609). In most cases, however, taking this view, they do so because the statute so provides. Where the statute does not make the return conclusive, the rule is as declared in section 609, Id., as follows: "Where the statute does not make the officer's return conclusive or the only evidence of the manner of executing process, there seems to be no reason why the facts may not be shown by other competent evidence, provided it is not attempted to contradict the return." To the same effect is 2 R. C. L. 845.

In *Ritter* v. *Scannell,* 11 Cal. 239, 70 Am. Dec. 775, the court in speaking of this said: "It seems to follow from these authorities that the lien of the attaching creditor took effect immediately upon the levy of the attachment, and the deposit of the copy, with a description of the land attached, with the County Recorder, and that it could not be divested by the failure of the Sheriff to make a proper return; and if we admit that the return is not prima facie evidence of a proper levy, that the defendant should have been permitted to prove the fact by other competent evidence. The statute does not make the officer's return conclusive, or the only evidence of the manner of executing process; and in a case like the present, we see no reason why the facts may not be shown by other competent evidence, especially as it is not attempted to contradict the return."

In 3 Cal. Jur., page 463, section 53, it is said: "The return of the sheriff of matters material to be returned upon a writ of attachment is evidence of the validity of the attachment. It may be conclusive where the rights of strangers have intervened. It is not conclusive, however, as between the parties to the attachment suit and those claiming under them, and

if the sheriff simply omits to state any fact necessary to a valid service, such fact may be supplied by other evidence. The lien of the attaching creditor is not dependent upon the return of the officer, but upon the levy made by him. It has been held that the return may be aided by parol evidence. But since the sheriff is required to make his return in writing, the propriety of permitting his acts to be shown by parol is open to serious question, and where such proof is allowed, the evidence must be clear and satisfactory.''

Here the affidavit of plaintiff contradicts the return as to the date when the levy was made. Plaintiff's affidavit shows that the bank had already made return to the writ to the effect that it held $1,000 belonging to defendant by virtue of the writ. That affidavit was made on September 7, and we see no reason why it should not be considered proof as to when the levy was made. It at least shows that the levy was made on or prior to September 7, the date the summons was ordered published.

In *Ritter* v. *Scannell*, supra, the court discussed the question of a mistake in the date of a return by saying: ''The objection that the return is contradicted by the endorsement on the copy of the writ filed with the Recorder is not tenable. The only discrepancy is in the date of the return; and it has been often held that a mistake in the date may be corrected at any time. (Drake on Attachments, secs. 215, 217.)'' If the date of the return may properly be shown by other evidence than the return itself, we see no reason why the date of the levy may not be shown by evidence other than the return.

In 4 Am. Jur., Attachment and Garnishment, section 614, it is said: ''It has been held that a sheriff's return is not necessarily conclusive as to the time of the levy.''

We have no statute in this state making the return conclusive. It is our view that the date of service of a writ of attachment may be shown otherwise than by the return of the sheriff. That was done here, and if the defendant would contend that the recitals in the affidavit of the plaintiff are incorrect, it was incumbent upon him to so state. It will not do

simply to state that the only method of proving the date of service of the writ is by the sheriff's return. Here the sheriff's return shows on its face that it was erroneous in at least one particular. He recites that he received the writ on the 19th day of July. This was one month before it was issued. Hence the return on its face suggests its own lack of accuracy.

Section 9287, Revised Codes, in part provides: "The sheriff ▪ must return the writ of attachment with the summons, *if issued at the same time,* otherwise, within twenty days after its receipt, with a certificate of his proceedings indorsed thereon or attached thereto," etc. Since the return was not made within the statutory time, defendant contends that all the attachment proceedings are void. There are cases supporting this view (see opinion by divided court in *Dickinson* v. *First National Bank,* 64 N. D. 273, 252 N. W. 54, 93 A. L. R. 739), but we think the better reasoned cases take the opposite view, particularly where, as here, no rights of third parties intervened. The rule is stated in 7 C. J. S.—Attachment—247, as follows: "The mere fact that the return was not made until after the return day of the writ will not defeat the lien." To the same effect is 2 R. C. L., page 843, section 54. In 4 Am. Jur., page 913, it is said: "The effect on the attachment of the failure of the officer to return the writ within the time permitted by statute is a matter of dispute. On the one hand it has been ruled that the failure of the attaching officer to return the writ within the time permitted by statute renders the whole proceeding void, and on the other, that in the absence of a particular statute to the contrary, the failure to return a writ on or before the return day does not destroy the legal effect of the return indorsed on it, for, although the record is not complete until the writ is returned, when a proper return of the writ is made, though after the return day, such return is thenceforth competent evidence of the facts therein stated. It has been held that the fact that the writ is received and indorsed by the clerk at a time after the expiration of the term for which he was elected does not render the proceedings invalid."

Where the rights of subsequent purchasers or attaching creditors are involved, failure to file the return within the statutory time is fatal to the proceedings (note in 93 A. L. R. 760). As above noted, no rights of third persons intervened in this case. We hold that the failure to file the return within the time specified in section 9287 did not affect the lien of the attachment.

The next point relied upon by the defendant is that the record does not affirmatively show the issuance of an alias summons. It should be noted in this connection that what was needed was not an alias summons but a summons for publication. (*Schmidt* v. *Schmidt,* 108 Mont. 246, 89 Pac. (2d) 1020.) The record does not directly show the issuance of a summons for publication; however, it does show facts sufficient to demonstrate that such a summons was in fact issued. It shows that a summons was published in the paper setting forth a copy; that it was a summons for publication, as distinguished from the original summons, is made apparent from the fact that it recites the general purpose of the action as required by section 9119, Revised Codes, when summons is to be published. The judgment is not subject to attack on this ground.

The only remaining point relied upon is the fact that the record is barren of proof that a copy of the summons was mailed to the defendant. This objection is untenable. It is apparent that Mr. Jasmin made oath to the affidavit before a competent attesting officer. This being so, the affidavit, though unsigned, is sufficient to constitute an affidavit. (*International Harvester Co. of America* v. *Embody,* 89 Mont. 402, 298 Pac. 348; and see 2 C. J. 357.)

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE JOHNSON, ASSOCIATE JUSTICES ERICKSON and MORRIS, and HONORABLE BEN. HARWOOD, District Judge, sitting in place of MR. JUSTICE ANDERSON, disqualified, concur.

Rehearing denied April 28, 1941.